Joseph Brust, J.
Motion to dismiss the second and third counterclaims, as time-barred, is granted. These counterclaims are asserted in the amended answer, which was served pursuant to leave granted by this court. No counterclaims were asserted in the original answer. The counterclaims herein attacked are founded on charges of conversion, allegedly occurring in ,1961. The claim asserted in the amended complaint arises out' of a sale of goods in 1960 and is apparently unrelated to the claim or transaction upon which the counterclaims here at issue are based. A claim based upon a conversion is subject to a three-year period of limitations (CPLR 214, subd. 3). It is uncontradicted that the acts which form the alleged basis for the counterclaims concerned occurred prior to March, 1961, and thus these counterclaims would, on their face, appear time-barred' if deemed interposed at the time of service of the amended answer, in which they were first raised; that answer having been served in June, 1964. Defendant, however, contends that the counterclaims must be considered as having been interposed when the complaint was served — January, 1962 — and cites CPLR 203 (subd. [c]) as authority for the argument. That subdivision states, in pertinent part, that while a counterclaim is considered interposed when the pleading in which it is contained is served: “ A * * * counterclaim is not barred if it was not barred at the time the claims asserted in the complaint were interposed ” with certain exceptions, in the event an equitable recoupment may exist. Under the wording of that section, standing alone, it would seem that the counterclaims would not be time-barred. However another subdivision of 203, specifically applicable to amended pleadings mandate their dismissal. Subdivision (e) provides that claims asserted in amended pleadings are deemed “ to have been interposed at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading.” This subdivision is new, effects a change in prior law, and is patterned after subdivision (c) of rule 15 of the Federal *262 Buies of Civil Procedure. Under the Federal rule new claims, asserted in amended pleadings, have been held time-barred, not within the “ relating back" provision of subdivision (c) of rule 15, if based upon claims distinct from those asserted in the prior pleadings (Hartmann v. Time, Inc., 166 F. 2d 127, 136, cert. den. 334 U. S. 838; Heuer v. Basin Park Hotel and Resort, 114 F. Supp. 604). The import of subdivisions (c) and (e) is to allow the assertion of claims which become time-barred after a pleading has been interposed which contains notice that the transaction concerned will be the subject of litigation. No such prior pleading is herein present. Accordingly, the motion is granted.
Defendant’s cross motion for leave to serve a further amended pleading is denied, no reason having been advanced for the delay in applying for this relief to this date.
On Beargument.
Motion for reargument is granted, and on reargument the original decision of this court is adhered to. Contrary to defendant’s arguments, it appears that in the enactment of CPLB 203 (subd. [c]), the Legislature did attempt to adhere to the rules set forth in subdivision (c) of rule 15 of the Federal Buies of Civil Procedure (Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 203.30). Although the new section was intended to “ overcome the restrictive effect of Harriss v. Tams [258 N. Y. 229] ” (Second Preliminary Rep. of Advisory Comm, on Practice and Procedure, pp. 50, 51; N. Y. Legis. Doc., 1958, No. 13) as stated in the treatise above cited, in paragraph 203.29: “ a claim in an amended pleading is considered interposed at the same time as the claims in the original pleading if notice of the ' transactions, occurrences, or series of transactions or occurrences ’ to be proved under the amended pleading was given in the original pleading." This is clearly not the case in the pleadings herein. Defendant has still not proven any reason why leave to amend the answer, to assert the basis of the counterclaims at issue in a new form should be granted. Further allowing such pleading would, in effect, countenance the extension of a limitation period by pleading the same facts in a different form — a practice often criticized and not generally approved. (See Grossman v. Janette H. Corp., 14 N Y 2d 852.)