David 0. Boehm, J.
In this motion, defendant seeks to amend its answer, pursuant to CPLR 3025 (suhd. [b]) to add an additional counterclaim.
In July, 1966, the plaintiff, the general contractor in the construction of the Bay Trail Junior High School building, commenced this action against the defendant, one of the subcontractors, for materials and services furnished and performed between April 1, 1965 and February 1, 1966. In its answer, dated August 8, 1966, the defendant interposed a general denial and counterclaimed for services performed and materials furnished on behalf of the plaintiff between January 1,1965 and July 1,1966.
It appears that after the service of the answer, on August 30,1966,1,000 feet of cable which the defendant owned and had been storing in the school building, was stolen. Because the building was still under construction, the defendant’s position is that the plaintiff, as general contractor and the only one with keys to the doors, had the legal responsibility to exercise reasonable care to prevent loss to any property stored in the building. Because of its failure to exercise such care, in that it failed to lock several doors on the night of August 30, 1966, the plaintiff is liable to the defendant, it says, for its resulting damages, and this motion is to add a new counterclaim to incorporate this claim.
The application is opposed by the plaintiff on the ground that the three-year Statute of Limitations applies because the defendant’s counterclaim, even if based upon a bailment relationship, essentially depends upon proof of negligence. The defendant argues, on the other hand, that the essence of its counterclaim being contractual, an implied contract of bailment having arisen as a result of the plaintiff’s acceptance of the goods to be stored and the defendant’s reliance thereon, the correct period of limitations is governed by CPLR 2T3 (subd. 2). This section provides for a six-year time limitation in “ an action upon a contractual obligation or liability express or implied ”. Defendant further argues that should the three-year period apply, its counterclaim is nevertheless preserved by CPLR 203 (subd. [c]), which extends the limitation period indefinitely as to any defenses or counterclaims not barred at the time an action is commenced.
As to this, the plaintiff asserts that the motion is not governed by CPLR 203 (subd. [c]), but by subdivision (e), which requires that the original pleading sought to be amended must give notice of some kind to the other party of the new or additional claim if it is not to be barred by the Statute of Limitations, *159 and that the defendant’s original answer did not offer notice of any kind that damages would be claimed because of the stolen cable.
The defendant states it did not interpose the counterclaim sooner because the parties “ entered into a protracted period of negotiation with respect to their claims against one another,” after the cable was stolen; that there was a ‘ ‘ reasonable expectation ” of settlement; that the defendant believed the inclusion of the additional counterclaim in the pleadings would have diminished the possibility of settlement; that, lastly, the counterclaim comes as no surprise to the plaintiff because it was advised thereof in two letters, dated April 14,1967 and April 19,1967.
As an alternative to deciding which Statute of Limitations applies, the defendant suggests that the question of the character of the proposed counterclaim be referred to the trial court because, until plaintiff has responded to the counterclaim and the issues are framed, one cannot accurately prophesy whether the new action will end as it began, i.e., as a bailment claim. The court, however, is able to make a decision upon the proposed pleading and moving papers presently before it. Indeed, it is obliged to do so, because the applicable statutory time-bar must be determined before any consideration can be given to the relating back question of CPLB 203 (subds. [c] and [e]). It is necessary to ascertain the nature of the new action before one can pin down its proper period of limitations. If it turns out that the Statute of Limitations has not run, the CPLB 203 question need not detain us and we may then consider the motion in the light of other pertinent areas of the CPLB, such as 203, 3019 and 3025.
At the outset, it is appropriate to observe that the proposed counterclaim, in paragraph 9, designates the plaintiff as a bailee of the defendant’s property. Although the court is not bound by the nomenclature used by a party (Alyssa Originals v. Finkelstein, 22 A D 2d 701; D’Amico v. Winkelman Co., 51 Misc 2d 205), it is nevertheless clear from the other allegations in the same counterclaim, as well as from the defendant’s original motion papers and the prefatory statement of fact in its brief, that the basis of the proposed claim as well as its purpose, is the assertion of a cause of action in bailment against the plaintiff. The court agrees that such is the gravamen of the action and finds accordingly that the new counterclaim rests upon a bailment relationship.
Whether a bailment was actually created, whether it arose out of an express contract or one implied in fact or law, the nature or classification of such bailment if one existed, its dura *160 tion, and any other questions arising out of that relationship, including the very important ones of degree of care and burden of proof, are all decisions to be made in another forum. (Cf. J. W. Mays, Inc. v. Hertz Corp., 15 A D 2d 105.)
Although the court is not aware of any direct appellate authority in the Fourth Department (not viewing Great Amer. Ind. Co. v. Lapp Insulator Co., 282 App. Div. 545, mot. for lv. to app. dsmd. 306 N. Y. 851, or Chevron Oil Co. v. Atlas Oil Co. of Utica, 28 A D 2d 644, as applicable here), it is persuaded by the Third Department’s reasoning in Atlas Assur. Co. v. Barry Tire & Serv. Co. (3 A D 2d 787), bolstered by the language of the Court of Appeals in Blessington v. McCrory Stores Corp. (305 N. Y. 140, 147-148), that the defendant’s bailment claim falls within the three-year limitation. (CPLR 214, subd. 4.) These cases were decided before the effective date of the CPLR, but it does not appear that the Legislature intended changing the existing case law. (1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 214.14, p. 2-238; see also par. 214.15.)
The ease cited by the defendant (Klein v. Parke-Bernet Galleries, 21 A D 2d 772), also decided pre-CPLR, does not enlarge its period of limitations. Although the First Department referred to the action there as one based upon a contract of bailment, it carefully pointed out: “ The gravamen does-not depend on the loss or impairment of the property but the refusal to deliver.” (P.773.) Admittedly it refused to apply the three-year Statute of Limitations, but its following language is most significant: “ The affirmative defense [setting up the three-year Statute of Limitations] perhaps, should be permitted to stand, in the event the case should ever turn on the recovery of direct damages for the tortious physical impairment or physical loss of the certificates of authenticity” (p. 773, emphasis supplied).
We are, consequently, faced with a three-year Statute of Limitations which now bars the proposed counterclaim, unless the latch can be opened by some procedural mechanism. The combination for doing so in this ease exists, if at all, in CPLR 203, particularly subdivisions (c) and (e).
Subdivision (c) has to do with the period of limitations of a defense or counterclaim, permitting the same to be interposed if not barred at the time of the claim in the complaint. If barred at that time, a defense or counterclaim may nevertheless be interposed to the éxtent of the demand in the complaint if it “ arose from ” the transactioná, occurrences, or series of transactions or occurrences upon which the complaint depends. Such is clearly not the case here. The claim upon which this new counterclaim depends did not exist at the time of the claims *161 asserted in the complaint and answer. For the same reason, neither was it time-barred. However, this does not save it, for CPLR 203 (subd. [c]) does not contemplate claims in futuro.
Rather, the success or failure of this motion hinges upon CPLR 203 (subd. [e]), which permits a time-barred claim in an amended pleading, unless the original pleading does not “ give notice ” of the transactions, occurrences, or series of transactions or occurrences sought to be proven in the amended pleading.
It might be appropriate at this juncture to note again that defendant’s motion is for an order pursuant to CPLR 3025 (subd. [b]) granting leave to serve an amended answer. The rule permits amending a pleading, or supplementing it by setting forth additional or subsequent transactions or occurrences. Since the loss of defendant’s property occurred after the service of its original answer, it is apparent that the new counterclaim, involving a subsequent occurrence, requires a supplemental rather than an amended pleading. Regardless of whether or not there is any justification for maintaining a difference between an amended and a supplemental pleading, the fact remains that the Legislature has perpetuated the distinction (CPLR 3025, subds. [b] and [d]).
An interesting question results. Is the relief provided by CPLR 203 (subd. [e]) available to a defendant who seeks to supplement, rather than to amend, his pleading? Subdivision (e) refers only to amended pleadings. It does not mention supplemental pleadings.
This same question was met in Town Bd. of Town of Fallsburgh v. National Sur. Corp. (53 Misc 2d 23, affd. 29 A D 2d 726), and I agree with its conclusion and find that the term “ amended ” as used in CPLR 203 (subd. [e]) should be construed to embrace the proposed supplemental pleading here. (See, also, 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3025.12, p. 30-446.)
The defendant’s right to add a new counterclaim would therefore depend upon whether or not the requirements of CPLR 203 (subd. [e]) are met, i.e., whether the original pleading gave ‘ ‘ notice ’ ’ of the transaction or occurrence to be proved in the proposed new pleading. This the defendant’s answer (the original pleading) did not do.
The claim upon which the proposed counterclaim depends is a new and distinct one, not associated with the debts sued for in the complaint or in the original answer. It is not an amendment which merely expands or amplifies the circumstances, or adds or changes the theory of law, upon which the original *162 counterclaim was based. (See Matter of Brown v. McMorran, 23 A D 2d) 661; Gonzales v. Concourse Plaza Syndicates, 27 A D 2d 516; Ringle v. Bass, 46 Misc 2d 896; Berlin v. Goldberg, 48 Misc 2d 1073.)
Regardless of whether or not the theories of law in the original counterclaim and in the proposed new one are different, this alone would not preclude the new claim from relating back to the old one. It is because the essential “ conduct, transaction or occurrence ” is separate, subsequent and different from the claim in the original counterclaim that there cannot be the relating back contemplated by the CPLR. (See Trybus v. Nipark Realty Corp., 26 A D 2d 563; Nichimen & Co. v. Framen Steel Supply Co., 44 Misc 2d 260.) The new action is not based upon the same conduct or factual background (Ruggiero v. New York City Tr. Auth., 20 Misc 2d 535); it endeavors to create an entirely new obligation. (Lewis v. Wilson & Co., 275 App. Div. 9.)
In so holding, the court is also following the interpretation given by the Federal courts to the very similar subdivision (c) of rule 15 of the Federal Rules of Civil Procedure. (See 1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 203.30, and the cases cited therein.)
It is true that, at the time the lawsuit was commenced and the answer served, there was no way notice could be given of the conduct which the defendant now seeks to call into question because the claim had not then as yet arisen. Further, the defendant alleges in its moving papers, and the plaintiff does not deny, that the necessary notice was given to the plaintiff shortly after the loss occurred on August 30,1966, and by letters dated April 14, 1967 and April 19, 1967. On the state of the papers before me, there is little doubt that the plaintiff had some notice from the beginning of the new claim. Does such notice come within the intent of CPLR 203 (subd. [e]), which is an expanded codification of the law’s enlightened policy of providing an opportunity to litigate all claims on the merits in a case where appropriate notice overbalances the law’s corollary policy against stale litigation?
But mere notice alone, independent of the original pleading, is not adequate. One doubts that the Legislature intended permitting the issue of iCPLR 203 (subd. [e]) notice to be litigated along with the central substantive issues in a lawsuit. This question, an entirely peripheral one, would be, perforce, thrust into a trial, or even require a separate trial. Admittedly, collateral questions are sometimes permissible; for example, the defense of estoppel as against an affirmative defense raising the *163 Statute of Limitations, which might, because of the claimed protracted settlement negotiations, be available to the defendant. However, the relief here requested does not go to the inherent equitable power of the court, but rests solely upon relief created by the practice statute. It is doubtful that the Legislature, when it broadened the rule of Harriss v. Tams (258 N. Y. 229), intended to place a burden of making a factual as well as a legal determination upon the court to which a motion to amend is addressed. The intent of CPLR 203 (subd. [e]) may be read in its language, which specifically requires that the essential notice of the transaction or occurrences be in the “ original pleading ”.
The defendant’s additional claim may not, therefore, be asserted by amending or supplementing its counterclaim, and its motion is denied. It may, however, bring a separate action, at which time estoppel m pais against a defense of the Statute of Limitations might be invoked and the essential fact issues as to conduct, representations, reliance and any other questions determined then. (Triple Cities Constr. Co. v. Maryland Cas. Co., 4 N Y 2d 443; Rosenthal v. Reliance Ins. Co., 25 A D 2d 860, affd. 19 N Y 2d 712; see, also, 35 N. Y. Jur. Limitations and Laches, § 17; 1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 201.13.)
Motion denied.