Harold J. Hughes J.
Defendant has moved, pursuant to CPLR 3025 (subd [b]), for leave to serve an amended answer containing a counterclaim.
This action was commenced on July 25, 1974 by service of a *959 summons and a complaint alleging that plaintiff sustained damages to its underground facilities as the result of defendant’s negligent performance of a State highway construction contract during the period of August 12, 1971 to September 20, 1971. Issue was joined on August 20, 1974 by service of an answer which consisted of a general denial. Defendant has now moved for leave to amend its answer to assert a counterclaim for additional costs and expenses incurred in the performance of its contract as a result of plaintiff’s negligent representations as to the location of its underground facilities at the construction site.
Plaintiff opposes the motion on the ground that the cause of action asserted in the counterclaim is barred by the Statute of Limitations. A claim based upon negligence is subject to a three-year period of limitations (CPLR 214, subd 4; 35 NY Jur., Limitations and Laches, § 30). Since the proposed counterclaim alleges that the representations were made between August 12 and September 20, 1971, it appears, on its face, to be time-barred. Defendant asserts, however, that the counterclaim is saved from the bar of the Statute of Limitations by CPLR 203 (subd [e]), which provides: "A claim asserted in an amended pleading is deemed to have been interposed, at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading.”
Subdivision (e) was intended to overcome Harriss v Tams (258 NY 229, 241), which held that a claim asserted for the first time in an amended pleading did not relate back if it proceeded upon a "different obligation or liability” from that stated in the original pleading. Under the CPLR, the amendment will be permitted irrespective of the running of the Statute of Limitations if the adverse party was given notice by the original pleading that the transactions or occurrences which form the basis of the amended pleading were to be called into question (Caffaro v Trayna, 35 NY2d 245, 250; Andrews v Donabella, 60 Misc 2d 1007).
The issue, therefore, is whether defendant’s original answer, which contained merely a general denial, can be said to have given notice of the transactions or occurrences to be proved under the counterclaims. If the counterclaim alleged a cause of action which had no relation to the conduct, transaction or occurrence that is the subject of the complaint, the amend *960 ment would not relate back and would, therefore, be time-barred (Werner Spitz Constr. Co. v Vanderlinde Elec. Corp., 64 Mise 2d 157; Nichimen & Co. v Framen Steel Supply Co., 44 Misc 2d 260). In the present case, the transactions or occurrences which are the subject of the counterclaim and of the complaint are the same, and defendant suggests that the requirements of CPLR 203 (subd [e]) have been met. The court does not agree, for defendant’s general denial of any negligence on its part gave no notice to plaintiff that plaintiff’s conduct would be called into question, and it cannot, therefore, reasonably be said that plaintiff was apprised, by the original answer, of a potential counterclaim. Under the circumstances, plaintiff has not been given adequate notice within the meaning of subdivision (e) and may not be deprived of the defense of the Statute of Limitations.
Defendant’s motion shall be denied, without costs.