**In re VALUE LINE SPECIAL SITUATIONS FUND LITIGATION.**

**Norman F. DACEY and Rosalind Kanon, Plaintiffs,**

**v.**

**The VALUE LINE SPECIAL SITUATIONS FUND, INC., et al., Defendants.**

United States District Court, S. D. New York.

Aug. 17, 1976.

LeViness, Brenner & Landau by John F. LeViness, III, New York City, for plaintiff Norman F. Dacey.

Fortas & Koven, Washington, D. C. by Sheldon Karon, Chicago, Ill., for defendant Arnold Bernhard & Co., Inc.

TENNEY, District Judge.

Plaintiff Norman F. Dacey ("Dacey") has moved to dismiss the counterclaim of defendant Arnold Bernhard & Co., Inc. ("AB&Co.") on the ground that it is barred by the statute of limitations. For the reasons set forth below, the motion is granted.

The relevant facts are as follows: On or about February 11, 1969, Dacey brought suit under the securities laws against Value Line Special Situations Fund, Inc., AB&Co., officers and directors of each, the accountant O. L. Walter & Company and others (69 Civ. 536). On or about April 11, 1969, Dacey's suit was consolidated with a suit brought by another plaintiff and the two plaintiffs were ordered to file a single

amended complaint. The new complaint, filed May 1971, repeated the claims in Dacey's original complaint as well as several additional claims. AB&Co. filed a counterclaim on or about December 30, 1971, alleging that Dacey had libeled it in the publication of a book. AB&Co. does not contest the sworn statement of the publisher of Dacey's book that the book was on public sale as early as September 30, 1970, but no later than October 26, 1970. (AB&Co.'s Memorandum in Opposition to Counter-Defendant's Motion to Dismiss Counterclaim at 2).

It is Dacey's contention that the counterclaim is barred since it was not filed within one year after publication of the libelous statements as provided under the New York Civil Practice Law and Rules Section 215(3)[1] ("CPLR"). A contrary position urged by AB&Co. maintains that the aforementioned limitation period is suspended under Section 203(c) of the CPLR, which preserves an otherwise untimely claim when interposed as a counterclaim if that claim would not have been barred at the time of commencement of the plaintiff's action. It is helpful to set forth the relevant portions of the statute involved. Section 203 provides as follows:

"(a) The time within which an action must be commenced, *except as otherwise expressly prescribed*, shall be computed from the time the cause of action accrued to the time the claim is interposed.

.    .    .    .    .

(c) A defense or counterclaim is interposed when a pleading containing it is served. *A defense or counterclaim is not barred if it was not barred at the time the claims asserted in the complaint were interposed*, except that if the defense or counterclaim arose from the transactions, occurrences, or series of transactions or occurrences, upon which a claim asserted

---

1. CPLR § 215 provides that
    "The following actions shall be commenced within one year:

    .    .    .    .    .

    (3) an action to recover damages for  .   .  libel  .   .   .."

Defendant concedes that the New York statute of limitations applies to the instant action. (AB&Co.'s Memorandum in Opposition to Counter-Defendant's Motion to Dismiss Counterclaim at 3 n. 1).

in the complaint depends, it is not barred to the extent of the demand in the complaint notwithstanding that it was barred at the time the claims asserted in the complaint were interposed." (Emphasis added).

The jurisdiction of this Court has been invoked to determine whether Section 203(c) "expressly prescribes" an exception to the one year statute of limitation applicable to libel claims under CPLR § 215(3).[2]

Defendant AB&Co. urges that the terms of Section 203(c) suspend all regular time limits whenever a counterclaim is asserted in an action. Such a construction carries sweeping ramifications, and before such a holding could be adopted by this Court it must appear that the policy objectives underlying the statute would be satisfied by the facts and circumstances in this case.

AB&Co. contends that the libel counterclaim would not have been barred at the time the claims in the original complaint were interposed and therefore its timeliness is preserved by the language of Section 203(c). However, at the time the original complaint was filed, the subject matter of the counterclaim was not yet in existence. There is no justification for concluding that the phrase "if it was not barred at the time . . . ." in Section 203(c) meant to encompass unmatured claims arising from unoccurred events. The fact that the subjective term "if" is employed indicates that the situation contemplated was one in which a claim may or may not have been barred. Where the transactions spawning the claim have not occurred, there can be no question as to a possible bar of its maintenance. Consideration of the purposes behind the

enactment of CPLR § 203(c) further supports this conclusion.

The statute was enacted to remedy a procedural dilemma which threatened defendants under the prior New York Civil Practice Act § 11. Under the former statute, there was no tolling provision for counterclaims, which often had the effect of encouraging plaintiffs

"to delay the commencement of a lawsuit where there was fear of a counterclaim based on the same occurrence . . . until the last possible moment, when it would be too late for the defendant to interpose his counterclaim. The CPLR adopts . . . [a different rule] by providing that the service of a summons by the plaintiff tolls the statute of limitations on all counterclaims which the defendant may possess." Practice Commentaries to CPLR § 203(c) (McKinney's 1973) at 119. (Emphasis added).

The present situation is clearly distinguishable. The complaint was already outstanding at the occurrence of the events upon which the counterclaim is predicated. Thus, the policy of protecting a defendant from hardship due to the delay in plaintiff's initiation of a lawsuit has no applicability to these circumstances. *See* Weinstein, Korn & Miller, New York Civil Practice ¶ 203.23. There was no delay by plaintiff which could have unfairly injured defendant AB&Co.

Section 203(c) has been similarly construed by a court in New York. The following observation was made in *Werner Spitz Construction Co. v. Vanderlinde Electric Corp.*, 64 Misc.2d 157, 160, 314 N.Y.S.2d 567, 572 (Monroe County Ct. 1970):

"Subdivision (c) has to do with the period of limitations of a defense or counter-

---

**2.** It should be noted that there is some reference to CPLR § 203(e) in the papers submitted with this motion. That section provides:

"A claim asserted in an amended pleading is deemed to have been interposed at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading."

This section does not assist AB&Co, which contends that since the counterclaim was in timely

existence at the time the amended complaint was filed, it falls within the ambit of the preservative provision of Section 203(c). (AB&Co.'s Response to Dacey's Reply Memorandum at 2). There is no doubt here that the events forming the basis of the amended complaint are the same as those underlying the original complaint, and therefore the amended complaint is deemed to exist as of 1969 when the original complaint was uttered.

claim, permitting the same to be interposed if not barred at the time of the claim in the complaint. If barred at that time, a defense or counterclaim may nevertheless be interposed to the extent of the demand in the complaint if it 'arose from' the transactions, occurrences, or series of transactions or occurrences upon which the complaint depends. Such is clearly not the case here. The claim upon which this new [amended] counterclaim depends did not exist at the time of the claims asserted in the complaint and answer. For the same reason, neither was it time-barred. However, this does not save it, for CPLR 203 (subd. [c]) does not contemplate claims *in futuro.*"

AB&Co. was free to assert its libel claim at the time of its choice. The legislated time period for assertion of such a claim had already run when defendant filed the claim. The short time period is an expression of legislative policy. The one-year statute of limitations for libel encourages actions while the pertinent facts are still fresh and seeks to fix a point in time after which a defendant is insulated from emotionally charged distant claims so that he may proceed with the normal operation of his affairs free from the threat of potentially great liability. Since these legislative purposes appropriately apply to AB&Co.'s libel claim, there is no justification for abandoning them in this case. The libel counterclaim is in no way related to the securities fraud claims in plaintiff's complaint. In fact, this Court entered an order on or about June 27, 1972 staying the prosecution of the counterclaim, and in May 1975, AB&Co. moved to vacate the stay and to sever the counterclaim from the consolidated securities actions. In sum, it is apparent that the libel claim could have been pursued as efficiently as an independent action at law. As such, however, the claim would have been time-barred. This Court will not allow defendant to procedurally bootstrap a claim otherwise barred by the statutory expression of legislative policy, a claim which it then seeks to sever and maintain independently.

Accordingly, plaintiff Dacey's motion to dismiss the libel counterclaim of AB&Co. is hereby granted.

So ordered.