■ DONALD L. SHAPIRO et al., Respondents-Appellants, v LILLIAN SCHONINGER et al., Appellants-Respondents.—In an action to recover damages for malicious prosecution, slander, abuse of process and prima facie tort, the defendant Stanley Schoninger appeals from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated May 2, 1985, as granted the plaintiffs' motion to dismiss his counterclaims, the defendant Lillian Schoninger appeals from so much of the same order as granted that branch of the plaintiffs' motion which was to dismiss her first counterclaim and granted that branch of their motion which was to dismiss her second through fifth counterclaims, conditioned upon their consent to her intervention in a pending action in New York County, and the plaintiffs (1) cross-appeal from so much of the same order as imposed the condition of their consent to Lillian Schoninger's intervention in a pending action in New York County to the dismissal of her second through fifth counterclaims, (2) appeal from an order of the same court, dated August 16, 1985, which granted the defendant Lillian Schoninger's motion for reargument, and thereupon denied that branch of the plaintiffs' motion which was to dismiss her second through fifth counterclaims, and (3) appeal from an order of the same court, dated October 16, 1985, which vacated so much of the

order, dated May 2, 1985, as had severed the defendant Lillian Schoninger's second through fifth counterclaims from the main action.

Appeals by Lillian Schoninger and Stanley Schoninger dismissed as abandoned.

Cross appeal from the order dated May 2, 1985, dismissed. That portion of the order was superseded by the order dated August 16, 1985, made upon reargument.

Order dated August 16, 1985 modified, on the law, by deleting the provision thereof denying that branch of the plaintiffs' motion which was to dismiss the defendant Lillian Schoninger's second through fifth counterclaims and substituting therefor a provision granting that branch of the motion unconditionally on the ground that those counterclaims are barred by the Statute of Limitations. As so modified, order dated August 16, 1985, affirmed insofar as appealed from.

Appeal from the order dated October 16, 1985, dismissed as academic, in light of our determination on the appeal from the order dated August 16, 1985.

The plaintiffs are awarded one bill of costs.

Following service by the plaintiffs of their fourth amended complaint, they received an amended answer thereto from the defendant Lillian Schoninger in February 1985. The amended answer contained, *inter alia,* four counterclaims (denoted as second through fifth counterclaims) setting forth causes of action for the alleged improper construction of a condominium which the plaintiff Vector Yardarm Corporation (hereinafter Vector) constructed and of which the defendant Lillian Schoninger is a unit owner. The defendant Stanley Schoninger is her husband, and the plaintiff Donald Shapiro is an owner of and an officer of Vector.

The plaintiff moved, *inter alia,* to dismiss these counterclaims upon the ground that they were barred by the applicable Statutes of Limitation. In its order dated May 2, 1985, Special Term denied this branch of the motion, holding that "[t]hese claims existed at the time the plaintiffs asserted their claims against the defendants in 1978 and were not time barred at that time" citing CPLR 203 (c). We disagree.

The defendant Lillian Schoninger has, in effect, conceded that these counterclaims were time barred in June 1982, on the last day that an action in law might be commenced. We do not find a basis for allowing them to be subsequently revived by way of an amended pleading interposed in February 1985.

CPLR 203 (e) provides that "[a] claim asserted in an

amended pleading is deemed to have been interposed at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading". In the instant action, none of the defendants' prior pleadings gave any notice that the plaintiffs' conduct in connection with the construction of the condominium would be called into question. Indeed, their original (joint) answer consisted merely of a general denial. It is uncontradicted, however, that the plaintiffs had actual notice of the gravamen of Lillian Schoninger's counterclaims as evidenced by her commencement of other proceedings and actions against them, as well as by the commencement in New York County of an action brought by the board of managers of the Yardarm Beach Condominium, setting forth causes of action virtually identical to the counterclaims. We find that these facts are not dispositive.

Although CPLR 203 (e) should be liberally construed *(Town Bd. v National Sur. Corp.,* 53 Misc 2d 23, 26, *affd* 29 AD2d 726), mere notice alone, independent of the original pleadings, is inadequate; the pleadings themselves must give the requisite notice *(Werner Spitz Constr. Co. v Vanderlinde Elec. Corp.,* 64 Misc 2d 157, 162-163; *see also, Nichimen & Co. v Framen Steel Supply Co.,* 44 Misc 2d 260, 261-262; *New York Tel. Co. v County Asphalt,* 86 Misc 2d 958, 959-960). As the defendant Lillian Schoninger's pleadings fail to satisfy the statutory requisites, her second through fifth counterclaims must be dismissed. Lazer, J. P., Mangano, Gibbons and Spatt, JJ., concur.