■ ROBERT B. HELMAND, Doing Business as PACIFIC LAND EXCHANGE, Formerly Known as BASHER AHMAD, Doing Business as PACIFIC LAND EXCHANGE, Appellant, v KEITHA M. WEBB, as Executrix of JACK B. WEBB, Deceased, et al., Respondents. [758 NYS2d 567] —Appeal from an order of Supreme Court, Oswego County (McCarthy, J.), entered September 6, 2002, which denied plaintiff's motion for leave to amend the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Plaintiff commenced this action pursuant to Debtor and Creditor Law article 10 seeking to set aside the allegedly fraudulent conveyance of real property in Oswego County from Jack B. Webb (decedent) to Patricia A. Webb, Neil B. Webb and Julie A. Webb (defendants). Supreme Court properly denied plaintiff's motion for leave to amend the complaint to allege that decedent fraudulently conveyed real property in Oneida County to defendants and seeking to set aside that conveyance as well. The proposed amendment, asserted more than eight years after the Oneida County conveyance and more than two years after plaintiff discovered the conveyance, is untimely (*see* CPLR 203 [g]; 213 [1]; *Wall St. Assoc. v Brodsky*, 257 AD2d 526, 530 [1999]). Further, the proposed amendment does not relate back to the claims interposed in the original complaint because that complaint "does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading" (203 [f]). Defendants' actual notice of the

conveyance is insufficient to satisfy the notice requirement; "the notice must be given in the prior pleading itself" (*Barsuk v Niagara Mohawk Power Corp.*, 281 AD2d 875, 876, *lv dismissed* 97 NY2d 638 [2001]; *see Shapiro v Schoninger*, 122 AD2d 38, 40 [1986]). Finally, the court properly concluded that, even assuming, arguendo, that the proposed amendment is not time-barred insofar as it is asserted against decedent's estate, the proper venue of the claims asserted therein is Oneida County, not Oswego County where this action was brought (*see Fay's Inc. v Park Ctr. Dev.*, 226 AD2d 1067, 1068 [1996]; *Moschera & Catalano v Advanced Structures Corp.*, 104 AD2d 306 [1984]). Present—Green, J.P., Hurlbutt, Burns, Gorski and Hayes, JJ.