■ PHILLIP COOPER, Appellant, v SLEEPY'S, LLC, Respondents. [5 NYS3d 210]—

In an action, inter alia, to recover damages for employment discrimination in violation of Executive Law § 296, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), dated January 10, 2013, as denied those branches of his motion which were pursuant to CPLR 3025 (b) for leave to amend the complaint to add the factual allegation that the defendant employer terminated his employment and to add a cause of action to recover damages for wrongful termination.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action on November 16, 2009, against, among others, Sleepy's, LLC (hereinafter Sleepy's), a mattress and bedding retailer, to recover damages for discrimination in employment based on race, ethnicity, and gender in violation of Executive Law § 296. By letter dated November 20, 2009, which was received by the plaintiff on November 21, 2009, Sleepy's terminated the plaintiff's employment effective November 17, 2009. A little more than three years later, the plaintiff moved, inter alia, for leave to amend the complaint to add the factual allegation that Sleepy's terminated his employment and to add a cause of action pursuant to Executive Law § 296 to recover damages for wrongful termination.

Leave to amend a pleading should be freely given (see CPLR 3025 [b]), provided the amendment is not palpably insufficient, does not prejudice or surprise the opposing party, and is not patently devoid of merit (see Reyes v Brinks Global Servs. USA, Inc., 112 AD3d 805, 806 [2013]; Clark v Clark, 93 AD3d 812, 816 [2012]; Ortega v Bisogno & Meyerson, 2 AD3d 607, 609 [2003]).

Contrary to the plaintiff's contention, the proposed cause of action to recover damages for wrongful termination of employment, which was otherwise time-barred, did not relate back to the original complaint (see CPLR 203 [f]). The "relation-back doctrine" "permits a plaintiff to interpose a claim or cause of action which would ordinarily be time-barred, where the allegations of the original complaint gave notice of the transactions or occurrences to be proven and the cause of action would have been timely interposed if asserted in the original complaint" (Pendleton v City of New York, 44 AD3d 733, 736 [2007]). The relation-back doctrine is inapplicable where causes of action sought to be added are based on events that occurred after the filing of the initial pleading, rather than upon the

transactions giving rise to the causes of action in the initial pleading (see Matter of Clairol Dev., LLC v Village of Spencerport, 100 AD3d 1546, 1547 [2012]; Matter of New York Foundling Hosp., Inc. v Novello, 47 AD3d 1004, 1006 [2008]). Here, the original complaint could not have provided notice that the plaintiff's employment was terminated, since that event occurred subsequent to the commencement of the instant action. Contrary to the plaintiff's contention, the fact that the defendants had actual notice of the termination was insufficient to invoke the relation-back doctrine, since notice must be provided in the original pleading itself (see August Bohl Contr. Co., Inc. v L.A. Swyer Co., Inc., 74 AD3d 1649, 1651 [2010]; Helmand v Webb, 305 AD2d 980, 980-981 [2003]; Maxon v Franklin Traffic Serv., 261 AD2d 830, 831 [1999]; Shapiro v Schoninger, 122 AD2d 38, 40 [1986]). Accordingly, the Supreme Court properly denied those branches of the plaintiff's motion which were for leave to amend the complaint to add the factual allegation that Sleepy's terminated his employment and to add a cause of action to recover damages for wrongful termination.

In light of our determination, we need not reach the parties' remaining contentions. Dillon, J.P., Dickerson, Chambers and Roman, JJ., concur.