■ HERTZL MOEZINIA, Respondent, v ALEXANDER ASHKENAZI, Defendant, and ABS FLUSHING DEVELOPMENT, LLC, Appellant. [25 NYS3d 632]—

In an action, inter alia, to recover damages for unjust enrichment, the defendant ABS Flushing Development, LLC, appeals from a judgment of the Supreme Court, Nassau County (Bucaria, J.), entered February 13, 2014, which, upon a decision of the same court dated January 8, 2014, made after a nonjury trial, is in favor of the plaintiff and against it in the principal sum of $720,000.

Ordered that the judgment is reversed, on the law, with costs, and the amended complaint is dismissed insofar as asserted against the defendant ABS Flushing Development, LLC.

The plaintiff, Hertzl Moezinia, entered into a written agreement dated February 16, 2006, with the defendant Alexander Ashkenazi which provided, inter alia, that Ashkenazi agreed to pay the plaintiff the sum of $1.5 million upon closing of the sale of certain property, pursuant to a contract of sale between nonparty Flushing Promenade, LLC, as seller, and Ashkenazi, as purchaser, said amount being in consideration of the plaintiff having assigned his rights and interests in the property to Ashkenazi. The property was ultimately purchased by the defendant ABS Flushing Development, LLC (hereinafter ABS), in effect, by assignment of contract from Ashkenazi. The plaintiff commenced this action on August 14, 2007, against Ashkenazi and ABS. In the complaint, the plaintiff asserted causes of action alleging, inter alia, breach of contract and

unjust enrichment arising from Ashkenazi's breach of the agreement, and sought damages in the principal sum of $720,000, the amount the plaintiff alleged he was still owed under the agreement. ABS did not appear on the date a nonjury trial was scheduled to commence against Ashkenazi and ABS. As a result, the Supreme Court severed the plaintiff's action against ABS and proceeded to try the action against Ashkenazi. On February 1, 2013, the court issued a judgment in favor of the plaintiff and against Ashkenazi in the principal sum of $720,000. On November 6, 2013, the plaintiff filed an amended complaint. In the amended complaint, the plaintiff asserted causes of action alleging breach of contract, quantum meruit, and unjust enrichment, arising from an alleged oral agreement between the plaintiff and ABS made during the closing on the property on June 29, 2006. In the amended complaint, the plaintiff sought damages in the principal sum of $390,000. After a nonjury trial relating to the causes of action set forth in the amended complaint, the Supreme Court awarded the plaintiff damages against ABS in the principal sum of $720,000. The court's decision set forth, inter alia, that ABS waived the defense of statute of limitations and, in any event, that the cause of action alleging unjust enrichment related back to the plaintiff's original pleading.

Generally, a defense based upon the statute of limitations is waived unless raised by pre-answer motion or in the defendant's answer (*see* CPLR 3211 [e]). A defendant, however, may assert a statute of limitations defense for the first time in an answer served in response to a plaintiff's amended complaint (*see Mendrzycki v Cricchio*, 58 AD3d 171 [2008]). Moreover, a party may amend its pleading once without leave of court, among other circumstances, within 20 days after service of that pleading (*see* CPLR 3025 [a]). An amended answer, made as a matter of right pursuant to CPLR 3025 (a), may include a statute of limitations defense previously omitted (*see Curry v D'Onofrio*, 29 AD3d 727 [2006]; *see also Iacovangelo v Shepherd*, 5 NY3d 184, 187 [2005]).

Here, in response to the amended complaint, ABS filed an answer, which failed to assert the defense of statute of limitations. Within 20 days of the service of the amended complaint, however, ABS amended its answer to include the defense of statute of limitations. Under these circumstances, the Supreme Court erred in determining that ABS waived the defense of the statute of limitations (*see Mendrzycki v Cricchio*, 58 AD3d at 174-176; *Curry v D'Onofrio*, 29 AD3d at 729; *see also Iacovangelo v Shepherd*, 5 NY3d at 187).

Moreover, the Supreme Court erred in concluding that the plaintiff's claims, as set forth in the amended complaint, related back to his original complaint. CPLR 203 (f) provides "a claim asserted in an amended pleading is deemed to have been interposed at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading." The relation-back doctrine permits a plaintiff to interpose a claim or cause of action which would otherwise be time-barred, where the allegations of the original complaint gave notice of the transactions or occurrences to be proven and the cause of action would have been timely interposed if asserted in the original complaint (*see Cooper v Sleepy's, LLC*, 126 AD3d 664, 665 [2015]; *Pendleton v City of New York*, 44 AD3d 733, 736 [2007]). The relation-back doctrine is inapplicable where the original allegations did not provide the defendant notice of the need to defend against the allegations of the amended complaint (*see Pendleton v City of New York*, 44 AD3d at 736).

Here, the plaintiff's causes of action, as alleged in his initial complaint, were based on a written agreement between Ashkenazi and the plaintiff, which was entered into on February 16, 2006, while the plaintiff's causes of action, as alleged in the amended complaint, were based on an alleged oral agreement entered into between the plaintiff and ABS at the closing held on June 29, 2006. As the allegations contained in the initial complaint did not provide ABS with notice of the need to defend against the allegations of the amended complaint, the relation-back doctrine was inapplicable (*see* CPLR 203 [f]; *see also Cooper v Sleepy's, LLC*, 126 AD3d at 664-665; *Helmand v Webb*, 305 AD2d 980 [2003]; *Zimmerman v Burtis*, 80 AD2d 609 [1981]).

Since the causes of action in the plaintiff's amended complaint were time-barred (*see* CPLR 213 [2]), the Supreme Court should have awarded judgment in ABS's favor dismissing the amended complaint insofar as asserted against it.

In light of our determination, we need not address the parties' remaining contentions. Mastro, J.P., Leventhal, Maltese and LaSalle, JJ., concur.