Ruiz v Sanchez (2023 NY Slip Op 04608)

Ruiz v Sanchez

2023 NY Slip Op 04608

Decided on September 13, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 13, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
BARRY E. WARHIT
LILLIAN WAN, JJ.

2022-00468
 (Index No. 708986/21)

[*1]Daniela Zapata Ruiz, respondent, 
v
Martha L. Sanchez, etc., et al., appellants.

Devitt Spellman Barrett, LLP, Smithtown, NY (Christi M. Kunzig of counsel), for appellants.
Trolman, Glaser & Lichtman, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Greg Freedman, and Jillian Rosen], of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Joseph J. Esposito, J.), entered December 17, 2021. The order denied the defendants' motion pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred is granted.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained at the defendants' business. The defendants moved pursuant to CPLR 3211(a)(5) to dismiss the complaint on the ground that the action was not timely commenced within the applicable three-year statute of limitations, as the plaintiff alleged that her injuries occurred on August 20, 2017, and she did not commence this action until April 19, 2021. In an order entered December 17, 2021, the Supreme Court denied the defendants' motion, determining that the action was timely commenced. The defendants appeal.
Pursuant to CPLR 214(5), an action to recover damages for personal injuries is generally subject to a three-year statute of limitations. Executive Order (A. Cuomo) Nos. 202.8 and 202.67 (9 NYCRR 8.202.8, 8.202.67), enacted by then Governor Andrew Cuomo (hereinafter the executive orders) in response to the COVID-19 pandemic, acted to toll the applicable statute of limitations for 228 days from March 20, 2020, until November 3, 2020. This Court has held that the executive orders "constitute a toll" of the filing deadlines applicable to litigation in New York courts (Brash v Richards, 195 AD3d 582, 582; see Murphy v Harris, 210 AD3d 410, 411; Matter of Roach v Cornell Univ., 207 AD3d 931, 933). As explained by the Court of Appeals, "[a] toll does not extend the statute of limitations indefinitely but merely suspends the running of the applicable statute of limitations for a finite . . . time period; . . . the period of the toll is excluded from the calculation of the time in which the plaintiff can commence an action" (Chavez v Occidental Chem. Corp., 35 NY3d 492, 505 n 8).
Here, due to the tolling provision of the executive orders, the statute of limitations within which the plaintiff was required to file the instant action was tolled between March 20, 2020, and November 3, 2020, a period of 228 days (see Murphy v Harris, 210 AD3d at 411; Matter of Roach v Cornell Univ., 207 AD3d at 933; Brash v Richards, 195 AD3d at 582). However, contrary to the plaintiff's contention, she did not have an additional 228 days, the length of the tolling period, after the toll's expiration to commence the action. Instead, the remaining 152 days left on her three-year statute of limitations started to run after the toll was lifted on November 4, 2020 (see Chavez v Occidental Chem. Corp., 35 NY3d at 505 n 8). Since this action was commenced on April 19, 2021, the plaintiff did not timely commence the action within the statute of limitations that expired on April 4, 2021.
Accordingly, the Supreme Court improperly denied the defendants' motion pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred.
BRATHWAITE NELSON, J.P., GENOVESI, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court