Cruz v Guaba (2024 NY Slip Op 02168)

Cruz v Guaba

2024 NY Slip Op 02168

Decided on April 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2022-01024
 (Index No. 710876/21)

[*1]Crispin Cruz, appellant, 
v
Victor Guaba, etc., et al., respondents.

Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Max D. Leifer, P.C., New York, NY, for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Robert I. Caloras, J.), entered February 7, 2022. The order granted the defendants' motion, in effect, pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion, in effect, pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred is denied.
On February 4, 2018, the plaintiff allegedly fell in Queens as a result of the defendants' negligence, sustaining personal injuries. More than three years later, on May 12, 2021, the plaintiff commenced this action against the defendants to recover damages for personal injuries. The defendants thereafter moved, in effect, pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred. By order entered February 7, 2022, the Supreme Court granted the defendants' motion. The plaintiff appeals.
"On a motion to dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations, a defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired. The burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations is tolled or is otherwise inapplicable, or whether the action was actually commenced within the applicable limitations period" (Kaul v Brooklyn Friends Sch., 220 AD3d 939, 940-941 [alterations, citations, and internal quotation marks omitted]). "Pursuant to CPLR 214(5), an action to recover damages for personal injuries is generally subject to a three-year statute of limitations. [However,] Executive Order (A. Cuomo) Nos. 202.8 and 202.67 (9 NYCRR 8.202.8, 8.202.67), enacted by then Governor Andrew Cuomo . . . in response to the COVID-19 pandemic, acted to toll the applicable statute of limitations for 228 days from March 20, 2020, until November 3, 2020" (Ruiz v Sanchez, 219 AD3d 1363, 1363-1364).
Here, the defendants demonstrated, prima facie, that this action to recover damages for personal injuries was time-barred, since the plaintiff commenced it more than three years after the alleged accident occurred (see Weinstein v Gewirtz, 208 AD3d 717, 719; Silver v Silver, 162 AD3d 937, 939). In opposition, however, the plaintiff established that the limitations period had [*2]been partially tolled and that this action was therefore timely commenced. In March 2020, at the time the tolling provision of then Governor Cuomo's executive orders went into effect, the plaintiff had approximately 10 months remaining on the three-year limitations period to commence this action. This remaining period "started to run after the toll was lifted on November 4, 2020" (Ruiz v Sanchez, 219 AD3d at 1364; see Brash v Richards, 195 AD3d 582, 583-585), and the plaintiff commenced this action approximately 6 months later. Therefore, this action was commenced "well within the statute of limitations" (Williams v Ideal Food Basket, LLC, 219 AD3d 917, 918; see McLaughlin v Snowlift, Inc., 214 AD3d 720, 721; cf. Bank of New York Mellon v DeMatteis, 222 AD3d 1).
Accordingly, the Supreme Court should have denied the defendants' motion, in effect, pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred.
CONNOLLY, J.P., WOOTEN, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court