Randolph v Brazen Fox (2024 NY Slip Op 04407)

Randolph v Brazen Fox

2024 NY Slip Op 04407

Decided on September 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2023-03679
 (Index No. 65172/22)

[*1]John Randolph, appellant, 
v
Brazen Fox, et al., respondents.

Law Offices of Francis X. Young, PLLC, White Plains, NY, for appellant.
Kiernan Trebach LLP, New York, NY (Lori F. Graybow of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (David S. Zuckerman, J.), dated February 10, 2023. The order, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the amended complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action in September 2022 to recover damages for personal injuries allegedly sustained in October 2019 at a bar and restaurant owned by the defendants Brazen Fox, Declan Rainsford, Rory Dolan, and Brazen Fox, LLC. However, the complaint (hereinafter the initial complaint) alleged a date of injury of April 14, 2018. Those defendants moved, inter alia, pursuant to CPLR 3211(a)(1), (5), and (7) to dismiss the initial complaint, arguing, among other things that the action was barred by the three-year statute of limitations applicable to personal injury actions (see id. § 214[5]). In November 2022, the plaintiff filed an amended complaint pursuant to CPLR 3025(a). Among other changes, the amended complaint alleged a date of injury of October 11, 2019, and added DR & RD, Inc., as a defendant. Thereafter, the defendants moved, inter alia, pursuant to CPLR 3211(a)(1), (5), and (7) to dismiss the amended complaint, arguing, among other things, that the action was time-barred.
By order dated February 10, 2023, the Supreme Court, inter alia, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the amended complaint. The plaintiff appeals.
"On a motion to dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations, a defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired" (Kaul v Brooklyn Friends Sch., 220 AD3d 939, 940-941 [alterations and internal quotation marks omitted]). "The burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations is tolled or is otherwise inapplicable, or whether the action was actually commenced within the applicable limitations period" (Griffin v Perrotti, 121 AD3d 1041, 1042).
"Pursuant to CPLR 214(5), an action to recover damages for personal injuries is generally subject to a three-year statute of limitations" (Ruiz v Sanchez, 219 AD3d 1363, 1363). [*2]"The relation-back doctrine permits a plaintiff to interpose a claim or cause of action which would otherwise be time-barred, where the allegations of the original complaint gave notice of the transactions or occurrences to be proven and the cause of action would have been timely interposed if asserted in the original complaint" (Moezinia v Ashkenazi, 136 AD3d 990, 992). "A new legal theory of recovery may be asserted, so long as it arises from the same transactions alleged in the original complaint" (Pendleton v City of New York, 44 AD3d 733, 736). When determining whether a defendant has been placed on notice of the transactions or occurrences underlying a new claim for purposes of CPLR 203(f) and the relation-back doctrine, one "should not . . . look[ ] beyond the four corners of the original pleading" (34-06 73, LLC v Seneca Ins. Co., 39 NY3d 44, 51).
Here, the defendants met their initial burden by identifying that the date of injury alleged in the amended complaint was more than three years prior to the date on which the amended complaint was filed (see Calamari v Panos, 131 AD3d 1088, 1090). In opposition, the plaintiff failed to raise a question of fact as to whether the statute of limitations was not applicable or the action was timely commenced. The cause of action to recover damages for personal injuries, as alleged in the initial complaint, was based upon an injury date in April 2018, while that cause of action, as alleged in the amended complaint, was based upon an injury date in October 2019. As the allegations in the initial complaint did not provide the defendants with notice of the need to defend against the allegations in the amended complaint, and as conceded by the plaintiff, the relation-back doctrine is unavailable (see CPLR 203[f]; 34-06 73, LLC v Seneca Ins. Co., 39 NY3d at 51; Moezinia v Ashkenazi, 136 AD3d at 992; see also Calamari v Panos, 131 AD3d at 1090). Therefore, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the amended complaint.
The plaintiff's remaining contentions are improperly raised for the first time on appeal.
BRATHWAITE NELSON, J.P., MALTESE, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court