Matter of Eshaghian (2025 NY Slip Op 04991)

Matter of Eshaghian

2025 NY Slip Op 04991

Decided on September 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
DEBORAH A. DOWLING
LILLIAN WAN
PHILLIP HOM, JJ.

2024-02281

[*1]In the Matter of Eshagh Eshaghian, also known as E. Ike Eshaghian, deceased. David Eshaghian, appellant; Mahrokh Eshaghian, et al., respondents. (File No. 1916/03)

Sher Tremonte LLP, New York, NY (Justin M. Sher, Mark Cuccaro, and Sian Last of counsel), for appellant.
Markewich and Rosenstock LLP, New York, NY (Lawrence M. Rosenstock, Eve Rachel Markewich, and Emily Ramsdell of counsel), for respondents.

DECISION & ORDER
In a probate proceeding in which David Eshaghian petitioned, inter alia, pursuant to SCPA 2102(1) to compel the turnover of information concerning the assets of the estate of Eshagh Eshaghian, also known as E. Ike Eshaghian, David Eshaghian appeals from an order of the Surrogate's Court, Queens County (Peter J. Kelly, S.), dated December 13, 2022. The order granted the respondents' motion pursuant to CPLR 3025(b) for leave to amend their counterclaims.
ORDERED that the order is affirmed, with costs.
Eshagh Eshaghian, also known as E. Ike Eshaghian (hereinafter the decedent), died in May 2003. Mahrokh Eshaghian and Tanaz Eshaghian (hereinafter together the co-executors) are the co-executors of the decedent's estate. The decedent's brother David Eshaghian filed a petition, inter alia, pursuant to SCPA 2102(1), concerning 16 entities in which David, the decedent, and others held various ownership interests. The co-executors moved pursuant to CPLR 3025(b) for leave to amend their counterclaims. In an order dated December 13, 2022, the Surrogate's Court granted the motion, and David appeals.
"A party may amend his or her pleading, or supplement it by setting forth additional or subsequent transactions or occurrences, at any time by leave of court or by stipulation of all parties" (CPLR 3025[b]). "The determination to permit or deny amendment is committed to the sound discretion of the trial court" (Clarke v Acadia-Washington Sq. Tower 2, LLC, 175 AD3d 1240, 1241). In reviewing a motion for leave to amend a pleading, "[t]he court need only determine whether the proposed amendment is 'palpably insufficient' to state a cause of action or defense, or is patently devoid of merit" (Lucido v Mancuso, 49 AD3d 220, 229). "No evidentiary showing of merit is required under CPLR 3025(b)" (id.). "A claim asserted in an amended pleading is deemed to have been interposed at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading" (CPLR 203[f]). "The relation-back doctrine permits a plaintiff to interpose a claim or cause of action which would otherwise be [*2]time-barred, where the allegations of the original complaint gave notice of the transactions or occurrences to be proven and the cause of action would have been timely interposed if asserted in the original complaint" (Moezinia v Ashkenazi, 136 AD3d 990, 992). "The relation-back doctrine is inapplicable where the original allegations did not provide the defendant notice of the need to defend against the allegations of the amended complaint" (id.).
Here, the Surrogate's Court did not improvidently exercise its discretion in granting the co-executors' motion pursuant to CPLR 3025(b) for leave to amend their counterclaims. The proposed counterclaims are deemed "to have been interposed at the time the claims in the original pleading were interposed" because the original counterclaims notified David of the transactions or occurrences to be proved in the new counterclaims (CPLR 203[f]; see Carter v Nouveau Indus., Inc., 187 AD3d 702, 704; cf. Moezinia v Ashkenazi, 136 AD3d at 992). Furthermore, the proposed amendment was not palpably insufficient to state a cause of action, nor was it patently devoid of merit (see Carter v Nouveau Indus., Inc., 187 AD3d at 704; Lucido v Mancuso, 49 AD3d at 229). Therefore, the co-executors were not required to make an "evidentiary showing of merit" (Carter v Nouveau Indus., Inc., 187 AD3d at 704-705 [internal quotation marks omitted]).
Accordingly, the Surrogate's Court did not improvidently exercise its discretion in granting the co-executors' motion pursuant to CPLR 3025(b) for leave to amend their counterclaims (see Carter v Nouveau Indus., Inc., 187 AD3d at 705; Clarke v Acadia-Washington Sq. Tower 2, LLC, 175 AD3d at 1241).
MILLER, J.P., DOWLING, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court