Pinola v Kitt
2026 NY Slip Op 03833
June 17, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Joseph Pinola, et al., respondents,
v
Austin Kitt, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 17, 2026
2025-00107, (Index No. 203258/22)
Mark C. Dillon, J.P.
Valerie Brathwaite Nelson
Carl J. Landicino
Susan Quirk, JJ.

Silverberg, P.C., Central Islip, NY (Karl Silverberg of counsel), for appellant.

[*1]
DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Suffolk County (George Nolan, J.), dated November 26, 2024. The order, insofar as appealed from, denied that branch of the defendant's motion which was pursuant to CPLR 3025(b) for leave to amend his answer to assert a counterclaim to recover trust funds pursuant to Lien Law article 3-A.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
In January 2020, the plaintiffs allegedly entered into an agreement with the defendant regarding the renovation of the defendant's residence in Babylon. In October 2022, the plaintiffs commenced this action, inter alia, to recover damages for breach of contract. The defendant interposed an answer and asserted counterclaims, among other things, to recover damages for breach of contract and unjust enrichment, alleging that the defendant had paid the plaintiffs over $365,000 but that the plaintiffs failed to complete the work as outlined under the agreement. In July 2024, the defendant moved, inter alia, pursuant to CPLR 3025(b) for leave to amend his answer to add a counterclaim to recover trust funds pursuant to Lien Law article 3-A. By order dated November 26, 2024, the Supreme Court, among other things, denied that branch of the motion. The defendant appeals.
"A party may amend his or her pleading, or supplement it by setting forth additional or subsequent transactions or occurrences, at any time by leave of court or by stipulation of all parties" (CPLR 3025[b]). "'The determination to permit or deny amendment is committed to the sound discretion of the trial court'" (Matter of Eshaghian, 241 AD3d 1465, 1466, quoting Clarke v Acadia-Washington Sq. Tower 2, LLC, 175 AD3d 1240, 1241). "Generally speaking, leave to amend a pleading shall be freely granted upon terms as may be just" (Bisono v Mist Enters., Inc., 231 AD3d 134, 140; see CPLR 3025[b]). "Leave may be denied if the proposed amendment is palpably insufficient or patently devoid of merit, or if it would cause undue prejudice to a party" (Kolodziejski v North Shore Univ. Hosp., 242 AD3d 971, 972). "Amendments that seek to add a time-barred claim or party will be found to be patently devoid of merit, unless the untimeliness can be saved by application of the relation-back doctrine" (Bisono v Mist Enters., Inc., 231 AD3d at 140 [citations omitted]).
Under the relation-back doctrine, "[a] claim asserted in an amended pleading is [*2]deemed to have been interposed at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading" (CPLR 203[f]; see Moezinia v Ashkenazi, 136 AD3d 990, 992). "The relation-back doctrine is inapplicable where the original allegations did not provide the defendant notice of the need to defend against the allegations of the amended complaint" (Moezinia v Ashkenazi, 136 AD3d at 992).
Here, the allegations in the original counterclaims did not provide notice of the transactions or occurrences to be proved pursuant to the proposed counterclaim to recover trust funds pursuant to Lien Law article 3-A, including that the plaintiffs failed to properly deposit and maintain funds in an escrow account and misappropriated such funds. Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 3025(b) for leave to amend his answer to assert a counterclaim to recover trust funds pursuant to Lien Law article 3-A (see Martin v City of New York, 153 AD3d 693, 694-695; Clark v Ferzli, 284 AD2d 425).
DILLON, J.P., BRATHWAITE NELSON, LANDICINO and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court