■ RAFAEL J. BERRIOS, Appellant, v MICHAEL KOBAL, Defendant, and PARK TERRACE ARMS CORPORATION et al., Respondents. [691 NYS2d 334] —In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Shaw, J.), dated April 27, 1998, as granted that branch of the cross motion of the defendants Park Terrace Arms Corporation and Marvin Gold Management Co., Inc., which was for summary judgment dismissing the causes of action in the complaint based upon the theory of respondeat superior.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly determined that there were no issues of fact with respect to whether the defendants Park Terrace Arms Corporation and Marvin Gold Management Co., Inc., were vicariously liable for the acts committed by their employee (*see, Kirkman v Astoria Gen. Hosp.,* 204 AD2d 401, 403; *Heindel v Bowery Sav. Bank,* 138 AD2d 787, 788; *Horowitz v Sears, Roebuck & Co.,* 137 AD2d 492).

Moreover, although the plaintiff maintains that a determination of that branch of the cross motion which was to dismiss the causes of action based on respondeat superior should have been delayed so as to allow additional time for discovery, the plaintiff's mere expressions of hope, conclusions, or unsubstantiated allegations were insufficient to defeat the cross motion for summary judgment to the extent it sought dismissal of the claims based on respondeat superior (*see, Mazzaferro v Bar-*

*terama Corp.,* 218 AD2d 643). S. Miller, J. P., Santucci, Schmidt and Smith, JJ., concur.