■ EDITH SULLIVAN, Appellant, v PHILLIP PILEVSKY et al., Respondents. [721 NYS2d 396] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Richmond County (Cusick, J.), dated October 22, 1999, as granted those branches of the motion of the defendants Philip Pilevsky, Sharline Investments, Inc., Starlike Properties, Inc., and Polycura Properties, Inc., d/b/a Forest Avenue Shopping Associates, and the separate motion of the defendant F.A.O. Construction Management Corporation which were for summary judgment dismissing the complained insofar as asserted against them, and granted the motion of the defendant M.A. Italian Acrylic Stucco & Painting Corp. for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

At her deposition, the plaintiff testified that the accident occurred as she was walking down the street after she had left a T.J. Maxx store in Staten Island. She testified that she stopped walking immediately after she felt a particle or particles of styrofoam enter her eye. She testified that she did not take another step before she tripped. When asked to identify the obstruction on which she tripped, she replied, "Nothing. I just fell."

In the absence of any proof of a dangerous condition that might have caused the plaintiff to trip and fall, the plaintiff argues that there is an issue of fact as to whether she was caused to fall by the particle or particles of styrofoam dust which entered her eye. To accept this hypothesis, a jury would have to " 'discard common sense and common knowledge' " and give credit to testimony " 'which is incredible and unbelievable, that is * * * contrary to experience' " (*Loughlin v City of New York,* 186 AD2d 176, 177; *People v Garafolo,* 44 AD2d 86, 88). No rational jury could accept the plaintiff's argument that she was caused to fall to the ground by a particle or particles of styrofoam dust. Under these circumstances, there is no material issue of fact requiring a trial, and the Supreme Court properly granted summary judgment to the respondents. Bracken, Acting P. J., O'Brien, Florio and Schmidt, JJ., concur.