■ GINNA COOPER, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendants. [741 NYS2d 419] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Bruno, J.), dated June 15, 2001, which denied her motion to compel certain discovery and granted the cross motion of the defendant City of New York for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The defendant City of New York made out a prima facie case with respect to its contention that its employee, the defendant Daniel Johnson, was driving a vehicle it owned without its permission or consent at the time of the plaintiff's injury (see Vehicle and Traffic Law § 388; Barrett v McNulty, 27 NY2d 928; Naidu v Harwin, 281 AD2d 525; Headley v Tessler, 267 AD2d 428). In opposition to the City's cross motion for summary judgment, the plaintiff failed to raise a triable issue of fact as to whether the City was vicariously liable for Johnson's alleged negligence (cf. Riviello v Waldron, 47 NY2d 297, 302-303; Lundberg v State of New York, 25 NY2d 467, 470-471; Overton v Ebert, 180 AD2d 955). Furthermore, the plaintiff did not demonstrate that "facts essential to justify opposition may exist but cannot be stated" (CPLR 3212 [f]). Therefore, she was not entitled to denial of the cross motion on the basis that further discovery was necessary (see Berrios v Kobal, 262 AD2d 514; Mazzaferro v Barterama Corp., 218 AD2d 643).

The plaintiff's remaining contentions are without merit. Altman, J.P., McGinity, Townes and Crane, JJ., concur.