■ NAIDA RODRIGUEZ, Appellant, v CITY OF NEW YORK et al., Defendants, and CHERA REALTY & DEVELOPMENT CO. OF BROOKLYN (PTSHP) et al., Respondents. [744 NYS2d 198] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Bruno, J.), dated January 18, 2001, which granted the separate motions of the defendant Chera Realty Development Co. of Brooklyn (PTSHP) and the defendant Fulton Mall Improvement Association for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs.

On February 6, 1995, as the plaintiff was walking to her place of employment at 570 Fulton Street in Brooklyn, she slipped and fell on the sidewalk due to an accumulation of ice and snow. At a hearing held pursuant to General Municipal Law § 50-h, and at her deposition, the plaintiff described the route which she took that day from the subway to her place of employment. She testified that the accident occurred on a block between Hudson Avenue and Rockwell Place on the sidewalk in front of a store with a sign stating "Auto Insurance," only two doors down from the building where she worked. She also identified three photographs of the site taken on the date of the accident by a coworker and stated that they accurately depicted the Auto Insurance store adjacent to the sidewalk where the accident occurred. In her pleadings, the plaintiff identified the address of the store before which she fell as 545 Fulton Street in Brooklyn, and at the hearing and deposition she reiterated that address. The defendant Chera Realty & Development Co. of Brooklyn (PTSHP) (hereinafter CRDC), the owner of 545 Fulton Street, and the defendant Fulton Mall Improvement Association (hereinafter FMIA), a corporation which performs business improvement of the Fulton Mall area, moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff's accident occurred on the sidewalk near 570 Fulton Street, not in front of 545 Fulton Street, and therefore, they cannot be held liable to the plaintiff.

The respondents established that the accident occurred on the sidewalk in front of a store two doors away from 570 Fulton Street. The street address supplied by the plaintiff is inconsistent with other circumstances established in evidence and contradictory to her testimony as a whole (see *Sullivan v Pilevsky*, 281 AD2d 410; 29A Am Jur 2d, Evidence §§ 1447, 1448; 81 Am Jur 2d, Witnesses § 1033; 58A NY Jur 2d, Evidence and Witnesses § 976). The defendant CRDC made a prima facie showing that it did not own the store in front of which the plaintiff fell, and FMIA made a prima facie showing that it was not responsible for conducting maintenance in the area where the plaintiff fell. In opposition to the motions for summary judgment, the plaintiff failed to raise a triable issue of fact with respect to the status of these defendants. Furthermore, the plaintiff did not demonstrate that "facts essential to justify opposition may exist but cannot then be stated" (CPLR 3212 [f]). Therefore, she was not entitled to denial of the motions on the basis that further discovery was necessary (see *Cooper v City of New York*, 293 AD2d 704; *Berrios v Kobal*, 262 AD2d 514). Altman, J.P., Feuerstein, Friedmann, Schmidt and Townes, JJ., concur.