■ JOANN M. ROBERT, Appellant, v MAHOPAC CENTRAL SCHOOL DISTRICT, Respondent. [831 NYS2d 492]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Putnam County (O'Rourke, J.), dated August 4, 2006, which granted the defendant's motion for summary judgment dismissing the complaint. The appeal brings up for review so much of an order of the same court dated September 5, 2006, as, upon reargument, adhered to the original determination (*see* CPLR 5517 [b]).

Ordered that the appeal from the order dated August 4, 2006, is dismissed, as that order was superseded by the order dated September 5, 2006, made upon reargument; and it is further,

Ordered that the order dated September 5, 2006, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The plaintiff allegedly was injured when she tripped and fell while leaving the defendant's premises. After the plaintiff commenced the instant action, the Supreme Court granted the defendant's motion for summary judgment dismissing the complaint and, upon reargument, adhered to the original determination. We affirm.

To establish a prima facie case of negligence in a premises liability action, a plaintiff must demonstrate the existence of a dangerous or defective condition that caused his or her injuries, and that the defendant either created or had actual notice or constructive notice of the condition (*see Caldwell v Pathmark Stores, Inc.*, 29 AD3d 847 [2006]; *Cruceta v Funnel Equities, Inc.* 18 AD3d 693 [2005]; *Goldman v Waldbaum, Inc.*, 248 AD2d 436 [1998]; *Thomas v Phillips*, 246 AD2d 531 [1998]). Here, the defendant established that it did not create or have notice of the alleged defective condition prior to the plaintiff's accident. The plaintiff's papers in opposition were insufficient to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Jordan v City of New York*, 23 AD3d 436 [2005]; *Kleeberg v City of New York*, 305 AD2d 549 [2003]; *Billordo v E.P. Realty Assoc.*, 300 AD2d 523 [2002]). Accordingly, the Supreme Court correctly granted summary judgment dismissing the complaint and, upon reargument, correctly adhered to its original determination.

The parties' remaining contentions are without merit or have been rendered academic in light of our determination. Spolzino, J.P., Skelos, Covello and Balkin, JJ., concur.