■ STANLEY ROHLEHR, Appellant, v NEW YORK CITY POLICE DEPARTMENT, Respondent. [58 NYS3d 474]—In an action, inter alia, in effect, to recover damages for conversion, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Genovesi, J.), dated August 17, 2015, as granted that branch of the defendant's cross motion pursuant to CPLR 3211 (a) (7) which was to dismiss the complaint for naming, as the sole defendant, the New York City Police Department.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's cross motion pursuant to CPLR 3211 (a) (7) which was to dismiss the complaint for naming, as the sole defendant, the New York City Police Department is denied.

The plaintiff was arrested and charged with driving while intoxicated. At the time of the arrest his car was seized for potential forfeiture by the New York City Police Department, and the plaintiff was issued a voucher. After the plaintiff was

acquitted of all charges, he filed a notice of claim with the Comptroller of the City of New York, making a property damage claim based on the towing and deprivation of his vehicle. The notice of claim was rejected as untimely.

The plaintiff, appearing pro se, thereafter commenced this action alleging that the "City of New York, Police Department" failed to commence a civil forfeiture hearing. The plaintiff sought $16,000 in damages for the loss of his vehicle and the loss of its use. After issue was joined, the plaintiff moved for summary judgment and the Corporation Counsel of the City of New York, as attorneys for "the defendant," cross-moved to dismiss the complaint, contending that the notice of claim was untimely, that the statute of limitations barred the plaintiff's claims, and that the "New York City Police Department" was "a non-suable entity."

The Supreme Court granted that branch of the cross motion which sought to dismiss the complaint on the ground that the New York City Police Department is an entity that cannot be sued separately from the City of New York, and denied the other branches of the cross motion. The plaintiff appeals from so much of the order as granted the subject branch of the cross motion, and we reverse the order insofar as appealed from.

Our review of the entire record reveals that the plaintiff intended to name, and, in effect, named, the City of New York as the party defendant. The allegations of the complaint are such that the City of New York should have known that it was the proper party defendant. Accordingly, the Supreme Court improperly granted that branch of the cross motion which sought to dismiss the complaint on the ground that the New York City Police Department was a non-suable entity. Eng, P.J., Leventhal, Austin and Cohen, JJ., concur.