■ SHAWN MARTIN, Appellant, v CITY OF NEW YORK, Respondent. [61 NYS3d 63]—

In an action, inter alia, to recover damages for false arrest and false imprisonment, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Jimenez-Salta, J.), dated August 21, 2015, as granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the fourth cause of action, alleging civil rights violations under 42 USC § 1983, and denied his cross motion for leave to amend the complaint to add a cause of action alleging malicious prosecution, to add Detective Phillip Atkins as a defendant, and to amplify the fourth cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action against the defendant, City of New York, inter alia, to recover damages for false arrest and false imprisonment, and civil rights violations under 42 USC § 1983. In the complaint, the plaintiff alleged that on August 24, 2007, while lawfully present at certain premises, he was falsely arrested and imprisoned by police officers. The complaint further alleged that the defendant thereby violated his civil rights secured by the United States Constitution, and that the defendant "acted pursuant to official policy and/or governmental customs."

The defendant moved, inter alia, pursuant to CPLR 3211 (a) (7) to dismiss the fourth cause of action, alleging civil rights violations under 42 USC § 1983. The plaintiff cross-moved for leave to amend the complaint to add a cause of action alleging malicious prosecution, to add Detective Phillip Atkins as a defendant, and to amplify the fourth cause of action. The

Supreme Court granted that branch of the defendant's motion and denied the plaintiff's cross motion. The plaintiff appeals.

The Supreme Court properly concluded that the fourth cause of action failed to state a cause of action. To hold a municipality liable under section 1983 for the conduct of employees below the policymaking level, a plaintiff must show that the violation of his or her constitutional rights resulted from a municipal custom or policy (see *Monell v New York City Dept. of Social Servs.*, 436 US 658, 694 [1978]; *Blake v City of New York*, 148 AD3d 1101 [2017]). Here, "[a]lthough the complaint alleged as a legal conclusion that the defendant[ ] engaged in conduct pursuant to a policy or custom which deprived the plaintiff of certain constitutional rights, it was wholly unsupported by any allegations of fact identifying the nature of that conduct or the policy or custom which the conduct purportedly advanced" (*Cozzani v County of Suffolk*, 84 AD3d 1147, 1147 [2011]; *see Ashcroft v Iqbal*, 556 US 662, 678-682 [2009]).

The Supreme Court also properly declined to grant the plaintiff leave to amend the complaint to amplify the fourth cause of action. Leave to amend the complaint should be granted where the amendment is neither palpably insufficient nor patently devoid of merit, and the delay in seeking amendment does not prejudice or surprise the opposing party (see CPLR 3025 [b]; *US Bank, N.A. v Primiano*, 140 AD3d 857, 857 [2016]; *HSBC Bank v Picarelli*, 110 AD3d 1031 [2013]). Here, the proposed amendment to the fourth cause of action was palpably insufficient, since it again failed to allege facts concerning the nature of the alleged misconduct and its connection to alleged policies and customs.

The Supreme Court also providently exercised its discretion in declining to permit the plaintiff to amend the complaint to add a cause of action alleging malicious prosecution. As the plaintiff correctly concedes, the statute of limitations for asserting that cause of action has expired. "The relation-back doctrine permits a plaintiff to interpose a claim or cause of action which would otherwise be time-barred, where the allegations of the original complaint gave notice of the transactions or occurrences to be proven and the cause of action would have been timely interposed if asserted in the original complaint" (*Moezinia v Ashkenazi*, 136 AD3d 990, 992 [2016]; *see* CPLR 203 [f]). However, the allegations of the original complaint, which were limited to claims that the plaintiff was falsely arrested and imprisoned while lawfully present at certain premises, failed to give notice of transactions or occurrences to be proven with respect to the proposed cause of action for mali-

cious prosecution. In particular, the original complaint failed to provide the defendant with notice of the need to defend against allegations that the defendant commenced or continued the underlying criminal proceeding, such as by supplying the prosecutor with falsified evidence (*see generally De Lourdes Torres v Jones*, 26 NY3d 742, 760-761 [2016]).

The Supreme Court providently exercised its discretion in declining to permit the plaintiff to add Detective Phillip Atkins as a defendant after expiration of the statute of limitations. The application of the relation-back doctrine was not warranted because there was no showing that Atkins knew or should have known that, but for a mistake, the action would have been commenced against him as well (*see Arsell v Mass One LLC*, 73 AD3d 668 [2010]; *Stamatopoulos v Salzillo*, 50 AD3d 885 [2008]; *Contos v Mahoney*, 36 AD3d 646 [2007]).

Accordingly, the branch of the defendant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the fourth cause of action was properly granted, and the plaintiff's cross motion was properly denied. Mastro, J.P., Rivera, Sgroi and Maltese, JJ., concur.