Ortega v New York City Tr. Auth. (2019 NY Slip Op 01782)





Ortega v New York City Tr. Auth.


2019 NY Slip Op 01782


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY, JJ.


2018-03050
 (Index No. 502824/16)

[*1]Aglisberto Ortega, respondent, 
v
New York City Transit Authority, et al., appellants.


Lawrence Heisler, Brooklyn, NY (Harriet Wong of counsel), for appellants.
Roth & Roth, LLP, New York, NY (David A. Roth and Elliot Shields of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Katherine A. Levine, J.), dated December 27, 2017. The order, insofar as appealed from, granted that branch of the plaintiff's motion pursuant to CPLR 3025(b) which was for leave to amend the complaint to add a cause of action alleging negligent design.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On January 4, 2015, the plaintiff sustained injuries when he fell off a subway platform at the Lorimer Street station in Brooklyn and was struck by an oncoming J train operated by the defendant Randy Nicoletti. On March 30, 2015, the plaintiff served a timely notice of claim alleging, inter alia, negligence in the ownership, management, operation, maintenance, and control of the train, subway station, and subway platform, as well as failure to properly design the subway platform. On March 1, 2016, the plaintiff filed a complaint alleging that his injuries were caused by the general negligence of the defendants in the maintenance and control of the subway platform and train. The complaint did not allege negligent design of the subway platform. In October 2016, the plaintiff moved pursuant to CPLR 3025(b) for leave to amend the complaint, inter alia, to add a cause of action alleging negligent design of the subway platform, specifically, the failure to install and utilize platform edge doors, rails, walls, or barriers to prevent passengers from falling from the platform onto the subway tracks. The Supreme Court granted the plaintiff's motion. The defendants appeal from so much of the order as granted that branch of the plaintiff's motion which was for leave to amend the complaint to add a cause of action alleging negligent design of the subway platform. The defendants contend, inter alia, that the notice of claim did not sufficiently identify the liability theory that the plaintiff sought to include in his amended complaint.
Although the statute of limitations for asserting the cause of action alleging negligent design of the subway platform had expired, pursuant to CPLR 203(f), "[a] claim asserted in an amended pleading is deemed to have been interposed at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading." Thus, "[t]he relation-back doctrine permits a plaintiff to interpose a claim or cause of action which would [*2]otherwise be time-barred, where the allegations of the original complaint gave notice of the transactions or occurrences to be proven and the cause of action would have been timely interposed if asserted in the original complaint" (Martin v City of New York, 153 AD3d 693, 694 [internal quotation marks omitted]; see CPLR 203[f]; Moezinia v Ashkenazi, 136 AD3d 990, 992).
The purpose underlying the notice of claim requirement in General Municipal Law § 50-e is to protect the municipality from fraudulent and stale claims for injuries and to ensure that the municipality has ample opportunity to investigate the merits of claims in a timely manner while the facts surrounding the claim are still fresh (see Adkins v City of New York, 43 NY2d 346).
Here, the allegations of the timely served notice of claim included an allegation that the subway platform was improperly designed and, therefore, gave the defendants notice of the need to defend against allegations that they negligently designed the platform. Therefore, the proposed amendment to add a negligent design cause of action did not result in any prejudice or surprise to the defendants. Moreover, the proposed amendment was not palpably insufficient or patently devoid of merit (see HSBC Bank v Picarelli, 110 AD3d 1031).
The defendants' remaining contentions are without merit.
Accordingly, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was for leave to amend the complaint to add a cause of action alleging negligent design, in accordance with the notice of claim (see Jackson v New York City Tr. Auth., 30 AD3d 289; Murphy v County of Nassau, Nassau County Med. Ctr., 84 AD2d 577).
MASTRO, J.P., ROMAN, COHEN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court