Brown v City of New York (2021 NY Slip Op 01743)





Brown v City of New York


2021 NY Slip Op 01743


Decided on March 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
REINALDO E. RIVERA
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2018-00937
 (Index No. 24387/10)

[*1]Danna Brown, respondent, 
v
City of New York, et al., appellants, et al., defendants.


James E. Johnson, Corporation Counsel, New York, NY (Deborah A. Brenner, Max O. McCann, and Devin Slack of counsel), for appellants.
The Cochran Firm (Norman A. Olch, New York, NY, of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the defendants City of New York and New York City Police Department appeal from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated December 1, 2017. The order, insofar as appealed from, denied those branches of the motion of the defendants City of New York and New York City Police Department which were pursuant to CPLR 3211 to dismiss the causes of action to recover damages for civil rights violations pursuant to 42 USC § 1983 and alleging negligence, assault and battery, excessive force, false arrest, and false imprisonment insofar as asserted against the defendant New York City Police Department, pursuant to CPLR 3211(a)(7) to dismiss the cause of action to recover damages for civil rights violations pursuant to 42 USC § 1983 insofar as asserted against the defendant City of New York, and for summary judgment dismissing the causes of action alleging negligence, assault and battery, excessive force, false arrest, and false imprisonment insofar as asserted against the defendant City of New York.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendants City of New York and New York City Police Department which were pursuant to CPLR 3211 to dismiss the causes of action to recover damages for civil rights violations pursuant to 42 USC § 1983 and alleging negligence, assault and battery, excessive force, false arrest, and false imprisonment insofar as asserted against the defendant New York City Police Department, pursuant to CPLR 3211(a)(7) to dismiss the cause of action to recover damages for civil rights violations pursuant to 42 USC § 1983 insofar as asserted against the defendant City of New York, and for summary judgment dismissing the causes of action alleging negligence, assault and battery, excessive force, false arrest, and false imprisonment insofar as asserted against the defendant City of New York are granted.
In October 2010, the plaintiff commenced this action against, among others, the City of New York and the New York City Police Department (hereinafter the NYPD, and together with the City, the defendants) to recover damages, inter alia, for personal injuries the plaintiff contends she incurred in April 2010 when she was shot and later arrested by a member of the NYPD during an encounter with the police. As is relevant to this appeal, the plaintiff asserted causes of action alleging, inter alia, negligence, assault and battery, excessive force, false arrest, false imprisonment, and civil rights violations under 42 USC § 1983.
According to both the City and the plaintiff, in April 2010, police officers with the NYPD responded to a 911 emergency call reporting that a violent emotionally disturbed person was breaking things at an apartment in a building in Brooklyn and that the female caller had locked herself in the bathroom. After arriving at the building's sixth floor hallway, the officers observed the plaintiff, who had been visiting the residents of the apartment, in the midst of a psychotic episode. The plaintiff was standing in the open doorway of the apartment, in close proximity to the building's elevator, screaming and holding a kitchen knife in her right hand. The officers observed her raise the knife over her head and begin to make stabbing motions. The plaintiff did not respond to the officers' instructions to her in any way, even when an officer twice sprayed her in the face with pepper spray. Thereafter, the plaintiff advanced towards the officers and one of the officers shot the plaintiff once, after which she fell, the knife was recovered, and she was arrested and transported to a hospital for surgery. The plaintiff was thereafter indicted for menacing a police officer (Penal Law § 120.18), criminal possession of a weapon in the fourth degree (Penal Law § 265.01[2]), and attempted assault in the third degree (Penal Law §§ 110.00, 120.00[1]). At the conclusion of the criminal trial, the plaintiff, a 31-year-old woman with a 5-year history of schizophrenia at the time of the incident, was found not responsible by reason of mental disease or defect.
In this civil action, the defendants moved pursuant to CPLR 3211 to dismiss the complaint insofar as asserted against the NYPD, and pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging civil rights violations pursuant to 42 USC § 1983 insofar as asserted against the City for failure to state a cause of action. The defendants also sought, inter alia, summary judgment dismissing the causes of action alleging negligence, assault and battery, excessive force, false arrest, and false imprisonment insofar as asserted against the City. In an order dated December 1, 2017, the Supreme Court denied the defendants' motion in its entirety. The defendants appeal from so much of the order as denied those branches of their motion which sought dismissal of the causes of action to recover damages for civil rights violations pursuant to 42 USC § 1983 and alleging negligence, assault and battery, excessive force, false arrest, and false imprisonment insofar as asserted against them.
The Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 3211 to dismiss those causes of action insofar as asserted against the NYPD.
The NYPD is a department of the City, and not a separate legal entity amenable to being sued (see NY City Charter § 396; Troy v City of New York, 160 AD3d 410, 411; Matter of Carpenter v New York City Hous. Auth., 146 AD3d 674). Since the City is already a defendant, the court should have directed the dismissal of the causes of action to recover damages for civil rights violations pursuant to 42 USC § 1983 and alleging negligence, assault and battery, excessive force, false arrest, and false imprisonment insofar as asserted against the NYPD (see generally Rohlehr v New York City Police Dept., 151 AD3d 1093, 1094).
The Supreme Court also should have granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging civil rights violations pursuant to 42 USC § 1983 insofar as asserted against the City for failure to state a cause of action. To hold a municipality liable under 42 USC § 1983 for the conduct of employees below the policymaking level, a plaintiff must show that the violation of his or her constitutional rights resulted from a municipal custom or policy (see Monell v New York City Dept. of Social Servs., 436 US 658, 694; Martin v City of New York, 153 AD3d 693, 694). Here, "[a]lthough the complaint alleged as a legal conclusion that the defendants engaged in conduct pursuant to a policy or custom which deprived the plaintiff of certain constitutional rights, it was wholly unsupported by any allegations of fact identifying the nature of that conduct or the policy or custom which the conduct purportedly advanced" (Cozzani v County of Suffolk, 84 AD3d 1147, 1147; see Martin v City of New York, 153 AD3d at 694).
The Supreme Court also should have granted that branch of the defendants' motion which was for summary judgment dismissing the causes of action alleging assault and battery, the use of excessive force, and negligent shooting by the police insofar as asserted against the City. "A claim that a law enforcement official used excessive force during the course of an arrest, [*2]investigatory stop, or other 'seizure' of the person is to be analyzed under the 'objective reasonableness' standard of the Fourth Amendment" (Vizzari v Hernandez, 1 AD3d 431, 432, quoting US Const 4th Amend and Graham v Connor, 490 US 386, 388). The use of force must be judged "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight," recognizing that "police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation" (Graham v Connor, 490 US at 396-397; see Plumhoff v Rickard, 572 US 765, 775). The determination of an excessive force claim requires an analysis of the facts of the particular case, including "'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he [or she] is actively resisting arrest or attempting to evade arrest by flight'" (Vizzari v Hernandez, 1 AD3d at 432, quoting Graham v Connor, 490 US at 396; see Davila v City of New York, 139 AD3d 890, 891).
Here, the defendants established, prima facie, that the police officers' conduct was objectively reasonable as a matter of law by submitting the trial testimony of the police officers in the criminal action as well as their deposition testimonies in this action and the deposition testimony of the plaintiff in this action as well as her trial testimony in the criminal action (see Harris v City of New York, 153 AD3d 1333, 1335; see generally Pacheco v City of New York, 104 AD3d 548, 549). The police officers consistently testified in both actions, inter alia, that before the shooting, they had ordered the plaintiff to drop the knife and that instead, the plaintiff had advanced towards them.
In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff did not challenge the facts asserted by the City, but contends for the first time on appeal that her testimony raises triable issues of material fact as to these issues. However, the plaintiff's contention that she can accurately recall and describe her interactions with the police officers is contrary to the position taken by her expert at her criminal trial. There, that expert testified that the plaintiff had told him she was not aware of the police being present during the incident. Moreover, the plaintiff's contradictory and inconsistent testimony is incredible, speculative, and unbelievable as a matter of law (see Vojvodic v City of New York, 148 AD3d 1086, 1087; Sullivan v Pilevsky, 281 AD2d 410, 410). For example, the plaintiff offered different versions as to when she was handcuffed during the incident: she said it happened before the pepper spray, she also testified that she was handcuffed after the pepper spray and before the shooting, and she also testified that she was handcuffed after the shooting.
The Supreme Court also should have granted that branch of the defendants' motion which was for summary judgment dismissing the false arrest and false imprisonment causes of action insofar as asserted against the City. The existence of probable cause constitutes a complete defense to a cause of action alleging false arrest and false imprisonment (see Shaw v City of New York, 139 AD3d 698, 699; Paulos v City of New York, 122 AD3d 815, 817), including causes of action asserted pursuant to 42 USC § 1983 to recover damages for the deprivation of Fourth Amendment rights under color of state law (see Paulos v City of New York, 122 AD3d at 817, citing, inter alia, Betts v Shearman, 751 F3d 78, 82 [2d Cir]). Here, the City demonstrated its prima facie entitlement to judgment as a matter of law by establishing the probable cause for the plaintiff's arrest, that is, that the plaintiff committed the crimes of menacing a police officer, criminal possession of a weapon in the fourth degree, and attempted assault in the third degree (see Ball v Miller, 164 AD3d 728, 729; Shaw v City of New York, 139 AD3d at 699). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the causes of action to recover damages for civil rights violations pursuant to 42 USC § 1983 and alleging negligence, assault and battery, excessive force, false arrest, and false imprisonment should have been dismissed insofar as asserted against the defendants.
In light of our determination, we need not reach the plaintiff's remaining contention.
MASTRO, A.P.J., RIVERA, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court