Garanin v Hiatt (2023 NY Slip Op 04460)

Garanin v Hiatt

2023 NY Slip Op 04460

Decided on August 30, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2021-06240
 (Index No. 100013/20)

[*1]Vsevolod Sergeevich Garanin, appellant, 
v
Robert Walter Hiatt, et al., respondents.

Andrew Lavoott Bluestone, New York, NY, for appellant.

DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice and violation of Judiciary Law § 487, the plaintiff appeals from an order of the Supreme Court, Richmond County (Wayne M. Ozzi, J.), dated July 27, 2021. The order denied the plaintiff's motion pursuant to CPLR 3025(b) for leave to serve a second amended complaint.
ORDERED that the order is affirmed, without costs or disbursements.
The plaintiff commenced this action, inter alia, to recover damages for legal malpractice and violation of Judiciary Law § 487 against the defendants, who had commenced a family offense proceeding against him on behalf of their client, Eirena Bykhovsky, with whom the plaintiff has two children. In the amended complaint, the plaintiff alleged that, along with the family offense petition, the defendants served the plaintiff with an unfiled petition bearing a handwritten, nonexistent docket number, in which Bykhovsky ostensibly sought sole custody of the children. The plaintiff further alleged that this conduct induced him to sign a retainer agreement with an attorney and to incur unnecessary attorneys' fees.
The plaintiff moved for leave to serve a second amended complaint to include new allegations of misconduct related to the filing of a second family offense petition and additional causes of action. By order dated July 27, 2021, the Supreme Court denied the motion. The plaintiff appeals.
In the absence of prejudice or surprise, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit (see CPLR 3025[b]; Ulster Sav. Bank v Fiore, 165 AD3d 734, 736; Martin v City of New York, 153 AD3d 693, 694). Here, the proposed amendments, including the new causes of action, some of [*2]which were duplicative of the legal malpractice cause of action (see Postiglione v Castro, 119 AD3d 920, 922), were either palpably insufficient or patently devoid of merit (see Ulster Sav. Bank v Fiore, 165 AD3d at 736; Martin v City of New York, 153 AD3d at 694). Therefore, the plaintiff's motion for leave to serve the second amended complaint was properly denied.
The plaintiff's remaining contentions concerning the determination made in an order dated July 2, 2021, which is the subject of a separate appeal (see Garanin v Hiatt, ___ AD3d ___ [Appellate Division Docket No. 2021-05522; decided herewith]), are not properly before this Court.
IANNACCI, J.P., CHRISTOPHER, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court