Zeppetelli v 1372 Broadway, LLC (2023 NY Slip Op 06403)

Zeppetelli v 1372 Broadway, LLC

2023 NY Slip Op 06403

Decided on December 13, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 13, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2019-09321
 (Index No. 18615/98)

[*1]Carol Ann Zeppetelli, appellant,
v
1372 Broadway, LLC, et al., respondents (and a third-party action).

Jan Hudgins Riley, Parksville, NY, for appellant.
Barry, McTiernan & Moore LLC, New York, NY (Laurel A. Wedinger and Steven Aripotch of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Mary H. Smith, J.), dated May 10, 2019. The judgment, upon the granting of the defendants' motion for a directed verdict at the close of the plaintiff's case at trial, is in favor of the defendants and against the plaintiff dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
The plaintiff allegedly was injured when she fell while descending a staircase between floors at her place of employment. She alleged that the accident occurred because the carpet covering the stairs was slippery. At trial, the Supreme Court granted the defendants' motion to preclude the testimony of the plaintiff's expert engineer, Stanley Fein. The court then granted the defendants' motion for a directed verdict at the close of the plaintiff's case and dismissed the complaint. The plaintiff appeals.
As a general rule, the admissibility of expert testimony on a particular point is addressed to the discretion of the trial court. The guiding principle is that expert opinion is proper when it would help to clarify an issue calling for professional or technical knowledge, possessed by the expert and beyond the ken of the typical juror (see De Long v County of Erie, 60 NY2d 296, 307; Martell v Dorchester Apt. Corp., 208 AD3d 1183, 1184; Curry v Eastern Extension, LLC, 202 AD3d 907, 909). The Supreme Court providently exercised its discretion in precluding Fein's testimony regarding the condition of the carpet, as his testimony would not have helped to clarify the issue of whether the carpet was too slippery in violation of American Society of Testing Materials (hereinafter ASTM) standards.
The opinion testimony of an expert must be based upon facts in the record or personally known to the witness. An expert may not reach a conclusion by assuming material facts not supported by the evidence, and may not guess or speculate in drawing a conclusion (see Ali v Chaudhry, 197 AD3d 1084, 1086; Johnson v Robertson, 131 AD3d 670, 671; Plainview Water Dist. v Exxon Mobil Corp., 66 AD3d 754, 755). Fein stated at trial that his opinion that the carpet was [*2]too slippery was based on ASTM D2047-17, which does not apply to carpets. There was no basis upon which Fein could opine that the 0.5 static coefficient of friction set forth in that standard, which only applied to polish-coated surfaces, also applied to carpeted surfaces such as the staircase where the plaintiff fell. In other words, the plaintiff failed to establish that Fein's opinions related to existing data and were the result of properly applied accepted methodology (see Guerra v Ditta, 185 AD3d 667, 669).
The plaintiff also had not given notice that she intended to rely on ASTM D2047-17 at trial in a CPLR 3101(d) notice, expert reports, or bills of particulars. Furthermore, there was no evidence that the condition of the carpet that Fein inspected 5½ years after the accident was the same as it was at the time of the accident, and Fein's conclusion based on his 2002 inspection was therefore speculative and conclusory (see Bush v Independent Food Equip., Inc., 158 AD3d 1129, 1130-1131; DeCarlo v Village of Dobbs Ferry, 36 AD3d 749, 750).
Without Fein's expert testimony, the plaintiff could not establish a prima facie case of negligence, as she could not demonstrate the existence of a dangerous or defective condition that caused her injuries, and that the defendants either created or had actual or constructive notice of that condition (see Robert v Mahopac Cent. School Dist., 38 AD3d 514, 515; Caldwell v Pathmark Stores, Inc., 29 AD3d 847; Crawford v Pick Quick Foods, 300 AD2d 431, 431). Accordingly, the Supreme Court properly granted the defendants' motion for a directed verdict at the close of the plaintiff's case.
The plaintiff's remaining contentions are without merit.
BRATHWAITE NELSON, J.P., GENOVESI, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court