Rose v Ellis (2024 NY Slip Op 01405)

Rose v Ellis

2024 NY Slip Op 01405

Decided on March 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, NOWAK, AND KEANE, JJ.

86 CA 22-01751

[*1]MICHAEL ROSE, AS ADMINISTRATOR OF THE ESTATE OF JESSIE ROSE, DECEASED, AND INDIVIDUALLY AS FATHER OF JESSIE ROSE, AND KRISTINE ROSE, INDIVIDUALLY AS MOTHER OF JESSIE ROSE, PLAINTIFFS-APPELLANTS,
v
ANTHONY ELLIS AND CITY OF UTICA, DEFENDANTS-RESPONDENTS. 

WOODRUFF LEE CARROLL P.C., SYRACUSE (WOODRUFF LEE CARROLL OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
WILLIAM M. BORRILL, CORPORATION COUNSEL, UTICA (ZACHARY C. OREN OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Oneida County (Charles C. Merrell, J.), entered September 28, 2022. The order granted defendants' motion for summary judgment and dismissed the amended complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this action arising from the death of plaintiffs' decedent during an incident in which defendant Anthony Ellis, a police officer employed by defendant City of Utica, responded to a public park where decedent had been observed firing a sawed-off shotgun, plaintiffs appeal from an order that, inter alia, granted defendants' motion for summary judgment dismissing the amended complaint. Even assuming, arguendo, that plaintiffs are not collaterally estopped from litigating the viability of their assault and battery causes of action by virtue of prior determinations in the federal action arising from the same incident (see Rose v City of Utica, 2018 WL 2041621, *5-12, 2018 US Dist LEXIS 220803, *12-35 [ND NY, Apr. 19, 2018, No. 6:14-CV-01256 (BKS/TWD)], affd 777 Fed Appx 575 [2d Cir 2019], cert denied — US —, 140 S Ct 1119 [2020]), we conclude that Supreme Court properly granted the motion insofar as it sought summary judgment dismissing those causes of action because defendants met their initial burden of establishing their entitlement to judgment as a matter of law and plaintiffs failed to raise a triable issue of fact (see Brown v City of New York, 192 AD3d 963, 966-967 [2d Dept 2021], lv denied 38 NY3d 902 [2022]). We reject plaintiffs' remaining contentions and otherwise affirm for reasons stated in the decision at Supreme Court.
Entered: March 15, 2024
Ann Dillon Flynn
Clerk of the Court