Mac v County of Suffolk (2024 NY Slip Op 06330)

Mac v County of Suffolk

2024 NY Slip Op 06330

Decided on December 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LARA J. GENOVESI
JANICE A. TAYLOR
CARL J. LANDICINO, JJ.

2020-05989
 (Index No. 605836/15)

[*1]Olha Mac, appellant, 
v
County of Suffolk, et al., respondents.

Subin Associates, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Jillian Rosen], of counsel), for appellant.
Christopher J. Clayton, County Attorney, Hauppauge, NY (James R. Scott of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for civil rights violations pursuant to 42 USC § 1983 and battery, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated July 13, 2020. The judgment, upon granting the defendants' application pursuant to CPLR 4401, made at the close of the plaintiff's case, for judgment as a matter of law dismissing the complaint, is in favor of the defendants and against the plaintiff dismissing the complaint.
ORDERED that the judgment is modified, on the law, by deleting the provision thereof dismissing the cause of action alleging battery; as so modified, the judgment is affirmed, with costs to the plaintiff, so much of the defendants' application as was pursuant to CPLR 4401 for judgment as a matter of law dismissing the cause of action alleging battery is denied, that cause of action is reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for a new trial on that cause of action.
The plaintiff alleges that on October 28, 2014, two Suffolk County police officers improperly and without authority detained her for a mental health evaluation, and improperly used excessive force and committed battery against her. During the incident, a police officer twice used a Taser device on the plaintiff while she was lying face down on the ground and with one hand in handcuffs. The plaintiff commenced this action, inter alia, to recover damages for civil rights violations pursuant to 42 USC § 1983 and battery against the County of Suffolk, the Suffolk County Police Department, and unnamed "John Doe" defendants, representing individual police officers.
Prior to the commencement of the trial of this matter, the County of Suffolk and the Suffolk County Police Department (hereinafter together the defendants) moved to preclude the plaintiff's expert from testifying. The Supreme Court granted the defendants' motion, concluding, inter alia, that the expert's proposed opinions were not based on evidence in the record.
At the commencement of the trial, the Supreme Court amended the caption of the action by removing all "John Doe" defendants. During the trial, the court denied the plaintiff's motion for leave to amend the complaint to name individual Suffolk County Police Officers for the [*2]"John Doe" defendants named in the complaint.
The trial evidence showed, among other things, that the two police officers responded to the plaintiff's home in response to a complaint from a co-tenant that the plaintiff had threatened to "blow up" the trailer in which she lived and threatened the complainant with a knife. At the scene, the officers learned that firefighters had already ensured that the gas to the trailer was turned off, and the officers testified that they did not see the plaintiff with a knife. The officers further testified that they decided to transport the plaintiff to a hospital for a mental health evaluation. As of that point, the plaintiff, who was approximately 60 years old, had not engaged in any violence nor made any threats toward the officers, and the officers had not seen her with a weapon or "frisk[ed]" her. The officers testified that when they attempted to handcuff the plaintiff, she became combative. One of the officers "took" the plaintiff "to the ground," and placed a handcuff on one of her wrists. According to the plaintiff, an officer kicked her in the head and on the left side of her body "below her heart" and twice jumped onto her back. That officer then shot the plaintiff with a Taser device, and then deployed the Taser device a second time.
At the close of the plaintiff's case, the Supreme Court granted the defendants' application pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint. A judgment was entered in favor of the defendants and against the plaintiff dismissing the complaint. The plaintiff appeals.
The Supreme Court properly granted so much of the defendants' application as was for judgment as a matter of law dismissing the causes of action alleging civil rights violations pursuant to 42 USC § 1983. A plaintiff may not hold a municipality liable pursuant to 42 USC § 1983 under a theory of respondeat superior (see Monell v New York City Dept. of Social Servs., 436 US 658). In order to properly plead a 42 USC § 1983 claim, a plaintiff must demonstrate that "[t]he conduct at issue [was] committed by a person acting under color of state law[,] and . . . deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States" (Cornejo v Bell, 592 F3d 121, 127 [2d Cir] [internal quotation marks omitted]). "To hold a municipality liable under 42 USC § 1983 for the conduct of employees below the policymaking level, a plaintiff must show that the violation of his or her constitutional rights resulted from a municipal custom or policy" (Fludd v City of New York, 199 AD3d 894, 897; see Brown v City of New York, 192 AD3d 963, 965).
Here, the plaintiff did not allege, nor prove, that the actions of the subject police officers were based on any municipal custom or policy (see Brown v City of New York, 192 AD3d at 965-966; Martin v City of New York, 153 AD3d 693, 694; Cozzani v County of Suffolk, 84 AD3d 1147).
Further, the complaint failed to name any individual defendants, and the Supreme Court providently exercised its discretion in denying the plaintiff's motion for leave to amend the complaint. The plaintiff did not show any genuine efforts to timely ascertain the identities of the unnamed police officers, and the granting of such relief during trial would have been manifestly prejudicial (see Holmes v City of New York, 132 AD3d 952, 954).
In addition, based on the record before us, the Supreme Court providently exercised its discretion in precluding the testimony of the plaintiff's expert. As a general rule, the admissibility of expert testimony on a particular point is addressed to the discretion of the trial court. "The guiding principle is that expert opinion is proper when it would help to clarify an issue calling for professional or technical knowledge, possessed by the expert and beyond the ken of the typical juror" (Zeppetelli v 1372 Broadway, LLC, 222 AD3d 813, 814; see Martell v Dorchester Apt. Corp., 208 AD3d 1183, 1184; Curry v Eastern Extension, LLC, 202 AD3d 907, 909). The proposed testimony of the plaintiff's expert would have been largely speculative or conclusory, given that the expert did not review any deposition testimony of the subject police officers and failed to refer to applicable standards, including Mental Hygiene Law § 9.41 (see Zeppetelli v 1372 Broadway, LLC, 222 AD3d at 814; DeCarlo v Village of Dobbs Ferry, 36 AD3d 749, 750).
Further, the Supreme Court properly granted so much of the defendants' application as was for judgment as a matter of law dismissing the cause of action alleging negligence (see generally Brown v State of New York, 45 AD3d 15, 26).
However, viewing the evidence in the light most favorable to the plaintiff for purposes of the CPLR 4401 application (see Lanza v Delbalso, 217 AD3d 664, 666; Pieter v Polin, 148 AD3d 1193), a jury could rationally conclude that the defendants are liable for battery. "'To recover damages for battery, a plaintiff must prove that there was bodily contact, made with intent, and offensive in nature'" (Macareno v City of New York, 187 AD3d 1164, 1167, quoting Cotter v Summit Sec. Servs., Inc., 14 AD3d 475, 475). "[A]n assault and battery cause of action may be based on contact during an unlawful arrest" (Smolian v Port Auth. of N.Y. & N.J., 128 AD3d 796, 800 [internal quotation marks omitted]).
At trial, the plaintiff presented evidence from which the jury could rationally conclude that the detention was not privileged under Mental Hygiene Law § 9.41, and the trial evidence showed that the officers engaged in contact with the plaintiff during the allegedly unlawful detention. The trial evidence, viewed in the light most favorable to the plaintiff, was sufficient to allow the jury to rationally conclude that the two officers were acting within the scope of their official duties at the relevant time. Accordingly, the defendants were not entitled to dismissal of the cause of action alleging battery (see Smolian v Port Auth. of N.Y. & N.J., 128 AD3d at 800; Wyllie v District Attorney of County of Kings, 2 AD3d 714, 718-719).
The plaintiff's remaining contentions are without merit.
Accordingly, we remit the matter to the Supreme Court, Suffolk County, for a new trial on the cause of action alleging battery.
DILLON, J.P., GENOVESI, TAYLOR and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court