Cooper v Branca (2025 NY Slip Op 00423)

Cooper v Branca

2025 NY Slip Op 00423

Decided on January 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2022-09110
 (Index No. 62259/19)

[*1]Lorraine Cooper, respondent, 
v
Maria Branca, etc., appellant, et al., defendants.

Martin Clearwater & Bell LLP, New York, NY (Barbara D. Goldberg, Richard Wolf, and Christopher A. Terzian of counsel), for appellant.
La Sorsa & Beneventano, White Plains, NY (Gregory M. La Sorsa of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for podiatric malpractice, the defendant Maria Branca appeals from an order of the Supreme Court, Westchester County (David F. Everett, J.), dated September 29, 2022. The order, insofar as appealed from, denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against her.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In March 2017, the plaintiff presented to the defendant Maria Branca (hereinafter the defendant), a podiatrist, for a "diabetic foot evaluation" and with complaints of an ingrown toenail. During the appointment, the defendant treated the plaintiff's toenail on her right big toe. The plaintiff thereafter continued to experience increasing pain, presented to a hospital emergency room multiple times, and underwent treatment from numerous doctors. The plaintiff's toe ultimately became gangrenous, and it was amputated in August 2017.
In 2019, the plaintiff commenced this action, inter alia, to recover damages for podiatric malpractice. Following the completion of discovery, the defendant moved for summary judgment dismissing the complaint insofar as asserted against her. In an order dated September 29, 2022, the Supreme Court, among other things, denied the defendant's motion. The defendant appeals.
When moving for summary judgment dismissing a cause of action alleging podiatric malpractice, "'a defendant must establish, prima facie, that there was no departure or deviation from the accepted standard of care or that such departure or deviation was not a proximate cause of any injury to the plaintiff'" (Kelly v Ahn, 224 AD3d 673, 674, quoting Attia v Klebanov, 192 AD3d 650, 651; see Alvarez v Prospect Hosp., 68 NY2d 320, 324). Specifically, "'[a] defendant moving for summary judgment in a medical malpractice case must demonstrate the absence of any material issues of fact with respect to at least one of these elements'" (Glassman v Caremount Med., P.C., 226 AD3d 878, 879, quoting Ciceron v Gulmatico, 220 AD3d 732, 734 [internal quotation marks omitted]). Once the defendant makes such a showing, "'the burden shifts to the plaintiff to raise a triable issue of fact as to those elements on which the defendant met its prima facie burden of proof'" [*2](Feng Xie v New York City Health & Hosps. Corp., 226 AD3d 751, 752, quoting Revellino v Haimovic, 216 AD3d 687, 688; see Alvarez v Prospect Hosp., 68 NY2d at 324).
Here, the defendant failed to establish, prima facie, that she abided by accepted community standards of practice or that her treatment was not a proximate cause of the plaintiff's injuries (see Armond v Strangio, 227 AD3d 758, 758; Glassman v Caremount Med., P.C., 226 AD3d at 879). Although the defendant submitted expert affirmations positing that the defendant's treatment of the plaintiff fell within the standard of care and did not cause the conditions leading to the amputation of the plaintiff's toe, inasmuch as the procedure she conducted was a noninvasive debridement, the expert affirmations failed to address and were directly contradicted by the plaintiff's deposition testimony that the defendant was "digging" into the side of the plaintiff's toenail and caused it to bleed as a consequence of breaking the skin (see Martins v Fontanetta, 205 AD3d 798, 800). Contrary to the defendant's contention, the plaintiff's deposition testimony was internally consistent, as well as consistent with the other evidence in the record (see Brown v City of New York, 192 AD3d 963, 967).
The defendant's failure to satisfy her prima facie burden requires the denial of her motion for summary judgment dismissing the complaint insofar as asserted against her, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Neumann v Silverstein, 227 AD3d 914, 914).
BARROS, J.P., WOOTEN, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court